**The BECKHAM GROUP, P.C., Appellant,**

**v.**

**Gulsam Taylan SNYDER and Robert L. Snyder, Appellees.**

**No. 05–09–00491–CV.**

Court of Appeals of Texas, Dallas.

June 16, 2010.

opinions to be as brief as practicable in addressing issues necessary to final disposition of appeal).

J. Darlene Ewing, Sunnyvale, Blake L. Beckham, Beckham & Thomas, L.L.P., Sarita Smithee, The Beckham Group, Dallas, for Appellant.

Diana S. Friedman, Diana S. Friedman, P.C., Michael K. Hurst, Gruber Hurst Johansen & Hail LLP, Dallas, for appellees.

Before Chief Justice WRIGHT and Justices O'NEILL and MYERS.

## OPINION

Opinion By Chief Justice WRIGHT.

In a single issue, the Beckham Group, P.C. contends the trial court abused its discretion by granting an order severing appellant's claim for attorney's fees from the underlying divorce action between Gulsam Taylan Snyder and Robert L. Snyder. Because we conclude the severance order is not a final, appealable order, we dismiss for want of jurisdiction.

## Background

On November 15, 2005, appellees filed for divorce. On November 18, 2008, appellant intervened seeking payment of attorney's fees. On March 5, 2009, appellees mediated a settlement of the divorce issues, but not the payment of attorney's fees owed to appellant. Then on March 9, 2009, Gulsam Snyder filed a motion to sever appellant's claim for attorney's fees from the divorce. After considering the motion and appellant's response and opposition, the trial court signed an order severing appellant's attorney's fees claim. The agreed final decree of divorce was signed by the trial court on April 15, 2009.

## Discussion

■ Appellate jurisdiction is never presumed. *Brashear v. Victoria Gardens of McKinney, L.L.C.*, 302 S.W.3d 542, 546 (Tex.App.-Dallas 2009, no pet.). Unless the record affirmatively shows the propriety of appellate jurisdiction, we must dismiss. *Id.*

■ This Court's jurisdiction is established exclusively by constitutional and statutory enactments. *See, e.g.,* Tex. Const. art. V, § 6; Tex. Gov't Code Ann. § 22.220 (Vernon Supp.2009). Unless one of the sources of our authority specifically authorizes an interlocutory appeal, we only have jurisdiction over an appeal taken from a final judgment. *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex.2001); *N.E. Indep. Sch. Dist. v. Aldridge*, 400 S.W.2d 893, 895 (Tex.1966). A judgment is final if it disposes of all pending parties and claims in the record. *Guajardo v. Conwell*, 46 S.W.3d 862, 863–64 (Tex.2001) (per curiam); *Lehmann*, 39 S.W.3d at 195.

■ When a suit is severed, two or more independent lawsuits result with their own final appealable judgments. *Van Dyke v. Boswell, O'Toole, Davis & Pickering*, 697 S.W.2d 381, 383 (Tex.1985); *Law Offices of Robert D. Wilson v. Texas Univest–Frisco, Ltd.*, 291 S.W.3d 110 (Tex. App.-Dallas 2009, no pet.). Thus, although a severance is not a final judgment, it may result in a final judgment. When, as here, a party seeks to challenge an interlocutory severance order, mandamus is the appropriate avenue by which to seek review. *In re Liu*, 290 S.W.3d 515, 518 (Tex.App.-Texarkana 2009); *see In re Hoover, Bax & Slovacek, L.L.P.*, 6 S.W.3d 646, 650 & n. 12 (Tex.App.-El Paso 1999, orig. proceeding) (mandamus appropriate vehicle through which to challenge trial court's order severing claims brought within lawsuit).

Here, when the trial court signed its April 7th severance order, two separate lawsuits resulted. There has been no separate final judgment regarding the attorney's fees issue that was severed from the

divorce. Until there is a final judgment signed by the trial court regarding the separate issue of attorney fees, this Court does not have appellate jurisdiction to hear this matter. *See Lehmann,* 39 S.W.3d at 195.

Accordingly, we dismiss this appeal for want of jurisdiction.