**Evan Lane (Van) SHAW, Appellant,**

v.

**Gerald C. MARSHALL, Jr. and Andrea Marshall, Appellees.**

**No. 05–10–01516–CV.**

Court of Appeals of Texas, Dallas.

June 23, 2011.

Evan Lane (Van) Shaw, Law Office of Van Shaw, Dallas, pro se.

Janet R. Randle, Law Office of Van Shaw, Sheri Lynn Caldwell, Katherine Khristine Elrich, Christopher P. Hansen, Hermes Sargent Bates, LLP, Dallas, for Appellant.

Robert John Myers, Robert John Myers & Associates, Fort Worth, Walter Mark Bennett, Strasburger & Price LLP, Frisco, Michael Craig Lee, D. Ronald Reneker, Munsch Hardt Kopf & Harr, P.C., Jim Cowles, Cowles & Thompson, P.C., Dallas Tiffany L. Haertling, Holmes Woods Eames & Puhl, Denton, for Appellees.

Before Justices MORRIS, MOSELEY, and FITZGERALD.

## OPINION

Opinion By Justice FITZGERALD.

Evan Lane (Van) Shaw appeals from two trial court orders dated November 12, 2010. The first order denied his motion to compel arbitration of Andrea Marshall's[1] claims. The second order granted Shaw's motion to compel arbitration as to his counter-claim against Marshall for attorney's fees and effectively denied his motion to submit Marshall's claims to arbitration. Marshall filed a notice of cross-appeal from the trial court's order compelling Shaw's counterclaim for attorney's fees to arbitration.

On May 10, 2011, we received a letter from Marshall's counsel informing the Court that Marshall had non-suited all of her claims against Shaw. The letter also stated that Marshall's cross-appeal was still in controversy. Marshall's non-suit of her claims renders Shaw's appeal moot. In light of this development, the Court sent a letter to the parties asking how this Court has jurisdiction over the remaining cross-appeal. We requested that the parties file letter briefs addressing this issue. Both parties filed letter briefs.

Appellate jurisdiction is never presumed. *Brashear v. Victoria Gardens of McKinney, L.L.C.*, 302 S.W.3d 542, 546 (Tex.App.-Dallas 2009, no pet.). Unless the record affirmatively shows the propriety of appellate jurisdiction, we must dismiss. *Id.* Our jurisdiction over appeals is established by constitutional and statutory enactments. *Beckham Grp., P.C. v. Snyder,* 315 S.W.3d 244, 245 (Tex.App.-Dallas 2010, no pet.). Unless an interlocutory appeal is specifically authorized by the constitution or statute, we have jurisdiction only over appeals taken from final judgments. *Id.* The Texas Arbitration Act expressly grants interlocutory jurisdiction over denials of applications to compel arbitration. TEX. CIV. PRAC. & REM.CODE ANN. § 171.098(a)(1) (West 2005). The statute makes no mention of orders compelling arbitration.

In his letter brief, Shaw stated that he agreed with the Court that it has no jurisdiction over the cross-appeal. In Marshall's letter brief, counsel informs the Court that Marshall instructed him not to pursue the cross-appeal "given the lack of clear authority in support of the Court's jurisdiction over it." This Court lacks jurisdiction over an order granting a motion to compel arbitration. For this reason, we dismiss this appeal. *See* TEX.R.APP. P. 42.3(a).

---

1. Although named as a party, Gerald C. Marshall is not involved in this interlocutory appeal.