

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

———————————————

No. 06-11-00088-CV

———————————————

DERRON MACKLIN, Appellant

V.

SAIA MOTOR FREIGHT LINES, INC., Appellee

On Appeal from the 276th Judicial District Court
Marion County, Texas
Trial Court No. 0900015

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Moseley

MEMORANDUM OPINION

Appellant, Derron A. Macklin, filed a notice of appeal August 15, 2011, stating that he was appealing from the trial court's severance and nonsuit order. We received the clerk's record on September 30. It contained only an order of severance. On October 3, in accord with TEX. R. APP. P. 42.3, we contacted Macklin by letter informing him that after a review of the record, there was no final judgment in the severed case and requested that he show us how we had jurisdiction over the case.

Our jurisdiction is constitutional and statutory in nature. *See* TEX. CONST. art. V, § 6; TEX. GOV'T CODE ANN. § 22.220 (West 2011). Unless we are given specific authority over interlocutory appeals, we have jurisdiction only over appeals from a final judgment. *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). A severance order that does not dispose of the parties and claims is a nonappealable interlocutory order. *Balistreri v. Remax Realty*, No. 05-10-00611-CV, 2011 WL 149984 (Tex. App.—Dallas Jan. 19, 2011, no pet.) (mem. op.); *Beckham Group*, *P.C. v. Snyder*, 315 S.W.3d 244 (Tex. App.—Dallas 2010, no pet.); *see Diversified Fin. Sys.*, *Inc. v. Hill*, *Heard*, *O'Neal*, *Gilstrap & Goetz*, *P.C.*, 63 S.W.3d 795, 795 (Tex. 2001).

On October 7, a supplemental clerk's record was filed, containing the order of nonsuit. The order nonsuits only the plaintiff/counter-defendant's claims against Macklin and contains no language expressing an intent to dispose of all claims and all parties as would be necessary to

2

create a final, appealable order. An order of dismissal pursuant to nonsuit is not a final, appealable order when the order does not "unequivocally express an intent to dispose of all claims and all parties." *Unifund CCR Partners v. Villa*, 299 S.W.3d 92, 96 (Tex. 2009).

We again, in accord with TEX. R. APP. P. 42.3, contacted Macklin by letter on October 12 concerning the defect regarding the nonsuit. We have received Macklin's response, and considered it. We do not find it to be persuasive. There is no appealable order or final judgment before this Court.

We dismiss this appeal for want of jurisdiction.

Bailey C. Moseley
Justice

Date Submitted: November 14, 2011
Date Decided: November 15, 2011

3