**Dismissed and Opinion Filed August 1, 2014**



**In The**

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-14-00043-CV

**AMADOR GARZA AND OLGA GARZA, INDIVIDUALLY AND AS NEXT FRIENDS OF A.G., A MINOR, Appellants**

**V.**

**DANE R. FLIEDNER, M.D., Appellee**

**On Appeal from the County Court at Law No. 2
Dallas County, Texas
Trial Court Cause No. CC-12-03722-B**

## MEMORANDUM OPINION

Before Justices Bridges, Francis, and Lang-Miers
Opinion by Justice Francis

This opinion concerns our appellate jurisdiction over this case. We conclude we do not have jurisdiction because the trial court's judgment is not final, and we dismiss the appeal for want of jurisdiction.

Amador and Olga Garza filed this health care liability claim on their own behalf and on behalf of their minor daughter against five defendants: Dane R. Fliedner, M.D., Igho Olobia, M.D., Ernesto Nunez, M.D., Children's Medical Center of Dallas, and Pediatric Clinic of Mesquite. Appellants filed motions for nonsuit to dismiss Dr. Nunez and the Pediatric Clinic of Mesquite. The trial court signed an order dismissing these defendants without prejudice.

Drs. Olobia and Fliedner filed separate motions to dismiss appellants' claims against

them under section 74.351 of the Texas Civil Practice & Remedies Code because appellants failed to serve them with expert reports. *See* TEX. R. CIV. P. 74.351(a) (West Supp. 2013). Both doctors requested that the Garzas claims be dismissed with prejudice and that they recover their reasonable attorney's fees. *See id.* 74.351(b). After each doctor filed his motion to dismiss, appellants filed a motion to nonsuit their claims.[1] Appellants' notice of nonsuit of the claims against Dr. Fliedner also nonsuited its claims without prejudice against Children's Medical Center. The trial signed an order dismissing the claims against Dr. Olobia, but the order did not mention the doctor's request for attorney's fees. On December 18, 2013, the trial court signed an order granting Dr. Fliedner's motion to dismiss with prejudice, and the order stated that Dr. Fliedner "is not seeking attorney's fees by his motion to dismiss." The order did not mention the claims against Children's Medical Center or appellants' notice of nonsuit of their claims against Children Medical Center. The order stated that costs would be borne by the party incurring them and that all relief not expressly granted was denied. The order also stated, in bold print, "**This is a final order.**" Appellants filed a notice of appeal on January 13, 2014.

Our appellate jurisdiction is never presumed. Unless the record affirmatively shows the propriety of appellate jurisdiction, we must dismiss the appeal. *Beckham Group, P.C. v. Snyder*, 315 S.W.3d 244, 245 (Tex. App.—Dallas 2010, no pet.).

Unless a statute specifically provides appellate jurisdiction over an interlocutory appeal, this Court has appellate jurisdiction over final judgments only. *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001); *see* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014 (West Supp.

---

[1] Appellants' motion for nonsuit of their claims against Dr. Olobia was with prejudice. Appellants originally filed a notice of nonsuit without prejudice of their claims against Dr. Fliedner. The trial court's December 18, 2013 order granting Dr. Fliedner's motion to dismiss states that appellants voluntarily dismissed their individual claims against Dr. Fliedner with prejudice in open court. It appears the nonsuit of their claims as next friend of their daughter was without prejudice.

2013) (interlocutory appeals). "A judgment is final for purposes of appeal if it disposes of all pending parties and claims in the record . . . ." *Lehmann*, 39 S.W.3d at 195. "[A] judgment issued without a conventional trial is final for purposes of appeal if and only if either it actually disposes of all claims and parties then before the court, regardless of its language, or it states with unmistakable clarity that it is a final judgment as to all claims and all parties." *Id.* at 192–93. "An order does not dispose of all claims and all parties merely because it is entitled 'final', or because the word 'final' appears elsewhere in the order, or even because it awards costs." *Id.* at 205. A "Mother Hubbard Clause," that is, a statement that all relief not granted is denied, does not indicate finality. *Id.* at 192, 204. When necessary, we look to the record of the case to determine whether an order disposes of all pending claims and parties. *Id.* at 205–06.

The judgment in this case remains interlocutory because appellants' claims against Children's Medical Center and Dr. Olobia's request for attorney's fees have not been disposed of.

Appellants argue that their claims against Children's Medical Center were disposed of when they filed their notice of nonsuit against Children's Medical Center. A plaintiff has the right to nonsuit its claims at any time before it has introduced all its evidence other than rebuttal evidence. TEX. R. CIV. P. 162. The nonsuit takes effect immediately upon its filing. *Univ. of Tex. Med. Branch at Galveston v. Estate of Blackmon ex rel. Shultz*, 195 S.W.3d 98, 100 (Tex. 2006) (per curiam). However, an order on a party's nonsuit is required to make an otherwise interlocutory judgment final. *See Park Place Hosp. v. Estate of Milo*, 909 S.W.2d 508, 510 (Tex. 1995). In *Park Place Hospital*, the plaintiffs sued six defendants. *Id.* The plaintiffs nonsuited two defendants, Fadhli and Walkes, and the trial court signed an order dismissing only Fadhli. The trial court did not sign an order dismissing Walkes. Another defendant was never served. The three other defendants then moved for summary judgment, which the trial court granted.

–3–

The supreme court determined that the summary judgment order was not the final judgment because, "[a]lthough the plaintiffs had filed notice to nonsuit Walkes, the appellate timetable could not be triggered until a signed written order of the court dismissed him." *Id.*

Likewise, in this case, although appellants filed notice to nonsuit Children's Medical Center, the trial court did not sign an order dismissing Children's Medical Center. Accordingly, for purposes of finality of the trial court's judgment on appeal, that claim remains pending despite appellants' notice of nonsuit. *See Park Place Hosp.*, 909 S.W.2d at 510. The fact that the order granting Dr. Fliedner's motion to dismiss stated "**This is a final order**" does not make the order a final judgment when it does not state "with unmistakable clarity that it is a final judgment as to all claims and parties." *Lehmann*, 39 S.W.3d at 192–93. Nor does the Mother Hubbard clause make the order a final judgment. *See id.* at 204 ("the standard Mother Hubbard clause is used in interlocutory orders so frequently that it cannot be taken as any indication of finality"). Nor does the award of costs demonstrate finality. *See id.* at 205.

Dr. Olobia moved for dismissal of the claims against him with prejudice and for his reasonable attorney's fees under section 74.351(b) of the civil practice and remedies code. Although appellants moved to nonsuit their claims against Dr. Olobia with prejudice, and the trial court dismissed the claims with prejudice, the trial court's orders did not dispose of the doctor's request for attorney's fees. An order of nonsuit does not dispose of a pending claim for sanctions under section 74.351(b). *Crites v. Collins*, 284 S.W.3d 839, 841 (Tex. 2009).

We conclude that the trial court's orders did not dispose of appellant's claims against Children's Medical Center or Dr. Olobia's request for attorney's fees under section 74.351(b) of the civil practice and remedies code. Accordingly, the trial court's judgment is interlocutory and we lack appellate jurisdiction over it.

We requested that the parties file letter briefs addressing our jurisdiction. Appellants complied, but nothing in their brief persuades us that the trial court's December 18, 2013 order of dismissal is a final judgment.

We dismiss this appeal for want of jurisdiction.

140043F.P05

/Molly Francis/
MOLLY FRANCIS
JUSTICE



## Court of Appeals
## Fifth District of Texas at Dallas

**JUDGMENT**

AMADOR GARZA AND OLGA GARZA, INDIVIDUALLY AND AS NEXT FRIENDS OF A.G., A MINOR, Appellants

No. 05-14-00043-CV      V.

DANE R. FLIEDNER, M.D., Appellee

On Appeal from the County Court at Law No. 2, Dallas County, Texas
Trial Court Cause No. CC-12-03722-B.
Opinion delivered by Justice Francis.
Justices Bridges and Lang-Miers participating.

In accordance with this Court's opinion of this date, the appeal is **DISMISSED** for want of jurisdiction.

It is **ORDERED** that appellee DANE R. FLIEDNER, M.D. recover his costs of this appeal from appellants AMADOR GARZA AND OLGA GARZA, INDIVIDUALLY AND AS NEXT FRIENDS OF A.G., A MINOR.

Judgment entered August 1, 2014