# NO. 12-15-00236-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *DOWTECH SPECIALTY CONTRACTORS, INC.,* <br> *APPELLANT* | § | *APPEAL FROM THE 145TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *CITY OF NACOGDOCHES AND AEROMIX SYSTEMS, INC.,* <br> *APPELLEES* | § | *NACOGDOCHES COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

Dowtech Specialty Contractors, Inc. appeals the trial court's order granting partial summary judgment in favor of the City of Nacogdoches. In one issue, Dowtech argues that the trial court erred in granting the City's motion for partial summary judgment. We dismiss for want of jurisdiction.

### BACKGROUND

The City entered into a contract with Dowtech to install aerators at the City's wastewater treatment facility. During the course of the installation, problems arose, which the parties could not resolve amicably. As a result, Dowtech filed suit for breach of contract. The parties settled the matter by virtue of a Rule 11 agreement,[1] which stated, in pertinent part, that Dowtech would repair and reinstall the aerators and, after a certain period of time, the City would remit payment of $75,355.45 to Dowtech.

As the parties moved forward under the Rule 11 agreement, another dispute arose concerning how the aerators were to be installed. As a result, Dowtech filed a notice of revocation of its consent to the Rule 11 agreement and amended its pleadings to add a cause of

---

[1] *See* TEX. R. CIV. P. 11.

action for breach of the Rule 11 agreement. The City filed an answer, in which it asserted breach of the Rule 11 agreement[2] as an affirmative defense. It also made a counterclaim for breach of the Rule 11 agreement and sought an award of damages, court costs, and attorney's fees.

The City filed a motion for a separate trial,[3] which the trial court granted. In accordance with the trial court's order, the trial would be divided into two parts. The first phase consisted of the issues related to Dowtech's alleged breach of the Rule 11 agreement. In the event that no breach by Dowtech was found, the matter would proceed to the second phase, which would consist of the claims and counterclaims under the original construction contract.

The parties filed competing motions for partial summary judgment concerning breach of the Rule 11 agreement. In its motion, the City stated, in pertinent part, as follows:

### ISSUES TO BE DECIDED

The City has pleaded the Rule 11 Agreement as an affirmative defense to Dowtech's claims and also as a counterclaim against Dowtech for damages incurred by its refusal to reinstall the aerators as agreed. The City is seeking to enforce the Rule 11 Agreement both as an affirmative defense and by way of [a] counterclaim.

. . . .

The following issues in this lawsuit are not the subject of this Motion and will be left for trial if the Court grants this Motion:

(1) What amount of damages and attorney's fees that the City is entitled to recover from Dowtech as an offset against the $75,355.45 payable by the City to Dowtech.

Ultimately, the trial court granted the City's motion for partial summary judgment. In its order, the trial court stated as follows:

On August 28, 2015, the Court considered the Defendant's Motion for Partial Summary Judgment, the Plaintiff's response, and argument of counsel. It is the Court's opinion that the motion should be Granted.

---

[2] In its answer, the City described the Rule 11 agreement as "an amendment to the Construction Contract insofar as it set forth Dowtech's obligations to complete the work, and the terms under which the City would pay the contract balance to Dowtech."

[3] *See* TEX. R. CIV. P. 174(b).

Therefore, it is the ORDER of the Court that the Defendant's Motion for partial Summary Judgment be GRANTED and the Plaintiff take nothing on its claims in excess of $75,355.45. All other relief requested in the motion is denied.

This appeal followed.

## FINALITY OF JUDGMENT FOR PURPOSES OF APPELLATE JURISDICTION

We first address the issue of our jurisdiction to consider this appeal. *See M.O. Dental Lab v. Rape*, 139 S.W.3d 671, 673 (Tex. 2004) (appellate courts have duty to assess their own jurisdiction sua sponte).[4]

**Standard of Review and Governing Law**

Appellate jurisdiction is never presumed. *Beckham Group, P.C. v. Snyder*, 315 S.W.3d 244, 245 (Tex. App.–Dallas 2010, no pet.). Unless the record affirmatively shows the propriety of appellate jurisdiction, we must dismiss the appeal. *See id.* This court's jurisdiction is established exclusively by constitutional and statutory enactments. *See, e.g.*, TEX. CONST. art. V, § 6; TEX. GOV'T CODE ANN. § 22.220(c) (West Supp. 2015). Unless one of the sources of our authority specifically authorizes an interlocutory appeal, we only have jurisdiction over an appeal taken from a final judgment. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001); *N.E. Indep. Sch. Dist. v. Aldridge*, 400 S.W.2d 893, 895 (Tex. 1966).

In *Lehmann*, the supreme court held that "a judgment issued without a conventional trial is final for purposes of appeal if and only if either (1) it actually disposes of all claims and parties then before the court, regardless of its language, or (2) it states with unmistakable clarity that it is a final judgment as to all claims and all parties." *Farm Bureau Cty. Mutual Ins. Co. v. Rogers*, 455 S.W.3d 161, 163 (Tex. 2015) (quoting *Lehmann*, 39 S.W.3d at 192–93). The court explained that "[a]n order does not dispose of all claims and all parties merely because it is entitled 'final', or because the word 'final' appears elsewhere in the order, or even because it awards costs." *Lehmann*, 39 S.W.3d at 205. "Rather, there must be some other clear indication that the trial court intended the order to completely dispose of the entire case." *Id.*

The court further held that the inclusion of a Mother Hubbard clause, i.e., the statement, "all relief not granted is denied" or essentially those words, does not indicate that a judgment rendered without a conventional trial is final for purposes of appeal. *See id.* at 203–04. The court noted that Mother Hubbard clauses are problematic because they are open to interpretation,

---

[4] In this case, the City has raised the issue of whether we have jurisdiction to consider this appeal.

*see id.* at 204, and sometimes "mean only that the *relief requested in the motion*—not all the relief requested by anyone in the case—and not granted by the order is denied." **Id.** (emphasis added).

## Finality of Order Granting the City's Motion for Partial Summary Judgment

In the case at hand, there is no unmistakably clear statement on the face of the trial court's order granting the City's motion for partial summary judgment indicating that it intended the order to be a final judgment as to all claims and all parties. Rather, the order states that "[a]ll other relief *requested in the motion* is denied." (emphasis added) Under **Lehmann's** statement regarding common misinterpretations of Mother Hubbard clauses set forth above, the trial court's statement here indicates that the trial court did not intend its order to be a final judgment. *Cf.* **id.**

Furthermore, the record in the instant case does not indicate that the trial court's order, in fact, disposed of all claims and parties then before the court. In its answer, the City asserted breach of the Rule 11 agreement as an affirmative defense and as a counterclaim, for which it sought an award of damages, court costs, and attorney's fees. Dowtech argues that the City's counterclaim alleged breach of the original construction contract rather than the Rule 11 agreement. We disagree.

In its counterclaim, the City pleaded, in pertinent part, as follows:

> The Rule 11 Agreement was an amendment of the Construction Contract insofar as it set forth Dowtech's obligations to complete the work, and the terms under which the City would pay the contract balance to Dowtech. Under the Rule 11 Agreement, Dowtech specifically agreed that: "Upon returning the repaired aerators to the City's facility, Dowtech will re-install and start-up the aerators."

> Dowtech breached its obligations under the Construction Contract, *as amended by the Rule 11 Agreement*, as set forth in the preceding paragraphs, *by repudiating the Rule 11 Agreement* without just cause and refusing to re-install and start up the repaired aerators as agreed.

> Dowtech's above described breach of the Construction Contract, *as amended by the Rule 11 Agreement*, has caused the City to suffer damage being the cost that the City will have to incur to reinstall and start up the repaired aerators.

(emphasis added). Based on the plain meaning of the language in the City's counterclaim, we conclude that Dowtech's interpretation of these pleadings is untenable. Moreover, in the City's motion for partial summary judgment, it specifically excluded from consideration the issues of damages and attorney's fees, which it reserved for consideration in a trial on the merits.

4

Based on the foregoing, we conclude that the trial court's order did not (1) state with unmistakable clarity that it is a final judgment as to all claims and all parties or (2) dispose of all claims and parties then before the court. *See **Rogers***, 455 S.W.3d at 163. Accordingly, we hold that the order was not final or an otherwise appealable interlocutory order. ***Id.***; *see also* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014 (West Supp. 2015). Therefore, we lack jurisdiction to consider this appeal.

## CONCLUSION

We have held that the trial court's order granting the City's motion for partial summary judgment is not a final judgment or an otherwise appealable interlocutory order. Having done so, we ***dismiss*** this appeal for ***want of jurisdiction***. The City filed a motion for sanctions, which we carried for consideration with the merits. The City's motion for sanctions is ***overruled***.

**GREG NEELEY**
Justice

Opinion delivered May 27, 2016.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**MAY 27, 2016**

**NO. 12-15-00236-CV**

**DOWTECH SPECIALTY CONTRACTORS, INC.,**
Appellant
V.
**CITY OF NACOGDOCHES AND AEROMIX SYSTEMS, INC.,**
Appellees

---

Appeal from the 145th District Court

of Nacogdoches County, Texas (Tr.Ct.No. C1228865)

---

THIS CAUSE came to be heard on the oral arguments, appellate record and briefs filed herein; and the same being considered, it is the opinion of this court that this court is without jurisdiction of the appeal, and that the appeal should be dismissed.

It is therefore ORDERED, ADJUDGED and DECREED by this court that this appeal be, and the same is, hereby **dismissed for want of jurisdiction**; that all costs of this appeal are hereby adjudged against the Appellant, **DOWTECH SPECIALTY CONTRACTORS, INC.,** for which execution may issue; and that this decision be certified to the court below for observance.

Greg Neeley, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*