# NO. 12-16-00283-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *VAN ZANDT HEALTH CARE PROPERTY, INC., D/B/A ANDERSON NURSING CENTER, APPELLANT* | § | *APPEAL FROM THE* |
| | § | *COUNTY COURT AT LAW* |
| *V.* | | |
| *MARY REDD AND RODNEY REDD, APPELLEES* | § | *VAN ZANDT COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

Van Zandt Health Care Property, Inc., d/b/a Anderson Nursing Center (Van Zandt) appeals the trial court's order granting summary judgment in favor of Rodney and Mary Redd. In one issue, it argues that the trial court erred in granting the Redds' motion for summary judgment. We dismiss for want of jurisdiction.

### BACKGROUND

In October 2013, Van Zandt sued the Estate of Arletta Turner and Turner's heirs, the Redds. In its petition, Van Zandt alleged that it had a contract to provide nursing care and maintenance for Turner and that the contract was breached when payments were not made in accordance with the contract's terms.

In their answer, the Redds asserted a counterclaim for conversion. They also moved for summary judgment, alleging that Van Zandt's claim was barred by the statute of limitations because suit was required to be brought within six months of Van Zandt's appointment as dependent administrator of Turner's estate. The Redds argued that this Court previously determined that Van Zandt's claim was untimely and that, consequently, the current suit was also

barred under res judicata.[1]  Following a hearing, the trial court granted the summary judgment. This appeal followed.

<h2 style="text-align:center">JURISDICTION</h2>

Before we address Van Zandt's sole issue, we first consider the Redds' argument that the summary judgment order is not a final and appealable order and that this Court does not have jurisdiction over Van Zandt's appeal.

**Standard of Review and Governing Law**

Appellate jurisdiction is never presumed.  ***Beckham Group, P.C. v. Snyder***, 315 S.W.3d 244, 245 (Tex. App.–Dallas 2010, no pet.).  Unless the record affirmatively shows the propriety of appellate jurisdiction, we must dismiss the appeal.  *See **id***.  This court's jurisdiction is established exclusively by constitutional and statutory enactments.  *See, e.g.,* TEX. CONST. art. V, § 6; TEX. GOV'T CODE ANN. § 22.220(c) (West Supp. 2016).  Unless one of the sources of our authority specifically authorizes an interlocutory appeal, we only have jurisdiction over an appeal taken from a final judgment.  *See **Lehmann v. Har–Con Corp.***, 39 S.W.3d 191, 195 (Tex. 2001); ***N.E. Indep. Sch. Dist. v. Aldridge***, 400 S.W.2d 893, 895 (Tex. 1966).

"'[A] judgment issued without a conventional trial is final for purposes of appeal if and only if either (1) it actually disposes of all claims and parties then before the court, regardless of its language, or (2) it states with unmistakable clarity that it is a final judgment as to all claims and all parties.'"  ***Farm Bureau Cty. Mut. Ins. Co. v. Rogers***, 455 S.W.3d 161, 163 (Tex. 2015) (quoting ***Lehmann***, 39 S.W.3d at 192–93).  "An order does not dispose of all claims and all parties merely because it is entitled 'final', or because the word 'final' appears elsewhere in the order, or even because it awards costs."  ***Lehmann***, 39 S.W.3d at 205.  "Rather, there must be some other clear indication that the trial court intended the order to completely dispose of the entire case."  ***Id***.

**Analysis**

In this case, there is no unmistakably clear statement on the face of the trial court's summary judgment order indicating that the trial court intended the order to be a final judgment as to all claims and parties.  *See **Rogers***, 455 S.W.3d at 163; *see also **Lehmann***, 39 S.W.3d at 205.  Rather, the order simply states that Van Zandt's claim is without merit and "the Motion for

---

[1] *See **In re Estate of Turner***, No. 12-14-00055-CV, 2014 WL 3845803 (Tex. App.—Tyler Aug. 6, 2014, pet. denied) (mem. op.).

Summary Judgment of Rodney Redd and Mary Redd is granted." Thus, the express terms of the order itself clearly indicate that it is not a final judgment.

Furthermore, the record does not indicate that the trial court's order actually disposed of all claims and parties before the court. In their answer, the Redds asserted a counterclaim for conversion and sought an award of damages, court costs, and attorney's fees. The summary judgment order, however, does not address or dispose of the Redds' conversion claim. *See Garcia v. Equity Trust Co.*, No. 07-15-00184-CV, 2016 WL 736151, at *1 (Tex. App.—Amarillo Feb. 23, 2016, no pet.) (mem. op.) (dismissing appeal for want of jurisdiction because summary judgment order did not dispose of counterclaims).

Based on the foregoing, we conclude that the trial court's order did not state with unmistakable clarity that it is a final judgment as to all claims and parties or actually dispose of all claims and parties then before the court. *See Rogers*, 455 S.W.3d at 163. Accordingly, we hold that the order is not a final or otherwise appealable interlocutory order. *See id.*; *see also Dowtech Specialty Contractors, Inc. v. City of Nacogdoches*, No. 12-15-00236-CV, 2016 WL 3050061, at *2-3 (Tex. App.—Tyler May 27, 2016, pet. denied) (mem. op.) (dismissing appeal for want of jurisdiction when judgment was not final or otherwise appealable); *see also* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014 (West. Supp. 2016). For this reason, we lack jurisdiction to consider Van Zandt's appeal. *See Rogers*, 455 S.W.3d at 163; *see also Dowtech Specialty Contractors, Inc.*, 2016 WL 3050061, at *3.

<u>DISPOSITION</u>

Having held that the trial court's order granting the Redds' motion for summary judgment is not a final judgment or otherwise appealable interlocutory order, we *dismiss* this appeal for *want of jurisdiction*.

<u>GREG NEELEY</u>
Justice

Opinion delivered May 24, 2017.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(PUBLISH)

3



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

## MAY 24, 2017

## NO. 12-16-00283-CV

**VAN ZANDT HEALTH CARE PROPERTY, INC., D/B/A ANDERSON NURSING CENTER,**
Appellant
V.
**MARY REDD AND RODNEY REDD,**
Appellees

Appeal from the County Court at Law
of Van Zandt County, Texas (Tr.Ct.No. CV05010)

THIS CAUSE came to be heard on the appellate record and the briefs filed hrein; and the same being considered, it is the opinion of this court that this court is without jurisdiction of the appeal, and that the appeal should be dismissed.

It is therefore ORDERED, ADJUDGED and DECREED by this court that this appeal be, and the same is, hereby **dismissed for want of jurisdiction**; and that this decision be certified to the court below for observance.

Greg Neeley, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*