COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER

Appellate case name:      Kennard Law, P.C. v. Linda Patton

Appellate case number:    01-20-00560-CV

Trial court case number:   15-DCV-226125

Trial court:               400th District Court of Fort Bend County

On August 3, 2020, appellant, Kennard Law, P.C. ("Kennard Law"), filed a notice of appeal from the trial court's July 23, 2020 "Order on Intervenor's Plea in Intervention & Plaintiff's Cross Motion to Sever & Motion for Court Order Directing Defendant to Deposit the Disputed Money into the Court's Registry or Trust."

This Court generally has jurisdiction only over appeals from final judgments and specific interlocutory orders that the legislature has designated as appealable orders. *See CMH Homes v. Perez*, 340 S.W.3d 444, 447–48 (Tex. 2011); *see also* TEX. CIV. PRAC. & REM. CODE § 51.014. From our review of the record, it appears that appellant has not appealed from a final judgment or an otherwise appealable order.

The appellate record indicates that on June 23, 2020, appellee Linda Patton ("Patton") reached a settlement with defendant Triumph Southwest, LP d/b/a Kindred Hospital Sugar Land ("Kindred Hospital") in the underlying employment dispute in Cause Number 15-DCV-226125. The following day, on June 24, 2020, Kennard Law filed its Plea in Intervention, asserting entitlement to a portion of the settlement proceeds based on its contingency fee agreement with Patton. Patton moved to strike Kennard Law's Plea in Intervention. On July 23, 2020, the trial court entered an order striking Kennard Law's "Plea in Intervention from this Cause Number of 15-DCV-226125," granting Patton's Motion to Sever, and "sever[ing] the attorney-fee dispute between Plaintiff Linda Patton and Intervenor Kennard Law, P.C." into a separate cause number. The trial court further ordered Kindred Hospital to deposit 40% of the settlement proceeds into the trial court's registry "pending resolution of the dispute between Intervenor Kennard [Law] and Plaintiff Linda Patton."

Although the record reflects that Patton and Kindred Hospital reached a settlement, there is no order of dismissal or other final judgment resolving the claims in the underlying

employment dispute included in the appellate record, and "[a]n interlocutory order striking an intervention is not an appealable order." *See Nghiem v. Sajib*, No. 01-16-00425-CV, 2016 WL 4131460, at *1 (Tex. App.—Houston [1st Dist.] Aug. 2, 2016, no pet.) (mem. op.). Instead, an order dismissing or striking an intervention may not be appealed by the intervenor before rendition of a final judgment. *See Metromedia Long Distance, Inc. v. Hughes*, 810 S.W.2d 494, 499 (Tex. App.—San Antonio 1991, writ denied). Furthermore, although Kennard Law's claims were severed into a separate cause of action, the appellate record also does not appear to include a final judgment resolving Kennard Law's severed attorney-fee dispute. *See Beckham Group, P.C. v. Snyder*, 315 S.W.3d 244, 245–46 (Tex. App.—Dallas 2010, no pet.) (noting that although severance is not a final judgment, it may result in a final judgment, but holding appellate court lacked jurisdiction over appeal of interlocutory order severing intervenor's attorney's fees claim from divorce proceeding when no final judgment rendered on attorney's fees). Finally, Kennard Law filed a notice of appeal from the trial court's July 23, 2020 order in the original Cause Number 15-DCV-226125, not the severed cause number. *Prototype Mach. Co. v. Boulware*, No. 04-18-00952-CV, 2019 WL 938282, at *1 (Tex. App.—San Antonio Feb. 27, 2019, no pet.) (mem. op.) ("When the trial court severs all claims by or against a party into another cause number, that party is no longer a party of record in the original cause number and lacks standing to appeal from a final judgment in the original cause number."); *Gore Family Ltd. P'ship, Ltd. v. Gore*, No. 01-17-00165-CV, 2018 WL 3384554, at *2 (Tex. App.—Houston [1st Dist.] July 12, 2018, no pet.) (mem. op.) (dismissing appeal for lack of jurisdiction and holding appellant lacked standing to appeal from final judgment in original cause number because claims against appellant had been severed).

Accordingly, based on our review of the record, Kennard Law does not appear to appeal from a final judgment rendered in either the original Cause Number 15-DCV-226125 or the severed cause number. Moreover, even if a final judgment has been rendered in the original Cause Number 15-DCV-226125, Kennard Law does not appear to have standing to appeal from a final judgment in this original cause number, as it was no longer a party following severance.

Accordingly, we order Kennard Law to file a written response, addressing both lack of a final judgment or other appealable order and standing, with citation to law and the record, demonstrating that this Court has appellate jurisdiction over this appeal from the trial court's order striking Kennard Law's Plea in Intervention and severing its claims into a separate cause number. Failure to respond will result in dismissal of the appeal for lack of jurisdiction. *See* TEX. R. APP. P. 42.3(a), 43.2(f). **Kennard Law's response is due in this Court within thirty days of the date of this order**. We further request Patton to file a reply to Kennard Law's written response regarding our jurisdiction over this appeal. **Patton's reply, if any, is due within thirty days of the date Kennard Law's response is filed.** The response and reply, if any, must be limited to the topics identified and may not, without leave of court, be longer than 6,500 words if computer-generated and 20 pages if not.

To the extent any final judgment has been entered in either the original Cause

Number 15-DCV-226125 or the severed cause number, we further order Kennard Law to supplement the clerk's record with any such final judgment. **Any supplemental clerk's record is due within thirty days of the date of this order.**

It is so ORDERED.


Judge's signature: /s/ Amparo Guerra_____
         ☐ Acting individually    ☒ Acting for the Court*

*The Court consists of Justices Hightower, Countiss, and Guerra.


Date:  November 16, 2021_____