**Opinion issued February 17, 2022**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-20-00560-CV

_____

**KENNARD LAW, P.C., Appellant**

**V.**

**LINDA PATTON, Appellee**

---

**On Appeal from the 400th District Court**
**Fort Bend County, Texas**
**Trial Court Case No. 15-DCV-226125**

---

## MEMORANDUM OPINION

Appellant, Kennard Law, P.C. ("Kennard Law"), challenges the trial court's

order granting the motions of appellee, Linda Patton, to strike Kennard Law's plea

in intervention and sever Kennard Law's attorney's fees dispute from the underlying

case. Because we conclude that a final appealable judgment has not been entered in

the severed attorney's fee dispute, and that Kennard Law lacks standing to appeal from the final order entered in the original cause number,[1] we dismiss for want of jurisdiction.

## Background

In September 2015, Patton sued Triumph Southwest, LP d/b/a Kindred Hospital Sugar Land ("Kindred Hospital")[2] for alleged wrongful termination and retaliation in violation of the whistleblower protection provisions of the Texas Health and Safety Code (the "Employment Dispute"). Shortly after filing suit, Patton retained Kennard Law to substitute as counsel for her in the Employment Dispute. The engagement agreement ("Engagement Agreement") between Kennard Law and Patton, signed in October 2015, required Patton to pay an upfront non-refundable retainer and expense deposit, in addition to a 40 percent contingency fee on "any and all sums of money and property recovered herein." In the Engagement Agreement, Patton also conveyed and assigned to Kennard Law an interest in the Employment

---

[1]     On November 16, 2021, we ordered that Kennard Law file briefing addressing these jurisdictional issues, namely, whether (1) Kennard Law appealed from a final judgment or other appealable order and (2) Kennard Law had standing to appeal from an order or final judgment entered in the original cause number 15-DCV-226125. Kennard Law's additional briefing was due on December 16, 2021. However, Kennard Law did not file the ordered briefing. We also ordered Patton to file a reply to Kennard Law's brief, which would have been due 30 days after Kennard Law filed its brief. Because Kennard Law did not file a brief, Patton was not required to file a reply.

[2]     Kindred Hospital is not a party to this appeal.

Dispute "and in any action, compromise, settlement, judgment, payment of services, profits or recovery therefrom." During the discovery process, Patton and Kennard Law disagreed on the appropriate approach to Patton's discovery responses. Their dispute resulted in Patton terminating Kennard Law as her counsel.

In June 2016, Patton retained Derrick Law, PLLC ("Derrick Law") to substitute into the Employment Dispute as her counsel. According to Patton, in reliance on Kennard Law's representations that it had relinquished any interest in her case, she agreed to pay Derrick Law 40 percent of any settlement, judgement, or award she obtained as a result of the Employment Dispute. After four years of litigation, on June 23, 2020, Patton and Kindred Hospital reached a resolution and entered into a confidential settlement of the Employment Dispute.

The next day, Kennard Law intervened in the Employment Dispute to assert its alleged interest in Patton's award (the "Attorney's Fee Dispute"). Thereafter, Patton moved to strike Kennard Law's plea in intervention and requested that the trial court sever the Attorney's Fee Dispute and place the disputed 40 percent of the settlement into the court's registry.

On July 23, 2020, the trial court entered an order striking Kennard Law's "Plea in Intervention from this Cause Number of 15-DCV-226125," granting Patton's motion to sever, and severing the Attorney's Fee Dispute between Patton and Kennard Law into a separate cause number (the "July 23 Order"). The trial court

3

ordered Kindred Hospital to deposit 40% of the settlement proceeds into the court's registry "pending resolution of the dispute between . . . Kennard [Law] and . . . Patton." On August 3, 2020, Kennard Law filed a notice of appeal in the original cause number from the trial court's July 23 Order.

After reviewing the record, we ordered Kennard Law to file a brief demonstrating that this Court has appellate jurisdiction over this appeal from the trial court's July 23 Order striking Kennard Law's plea in intervention and severing its claims into a separate cause number, noting that Kennard Law did not appear to (1) have appealed from a final judgment or (2) have standing to appeal from a final judgment or order in the original cause number, as it was no longer a party following severance. *See* TEX. R. APP. P. 42.3(a), 43.2(f). Kennard Law did not file a brief addressing these issues. We also ordered the district clerk to file a supplemental clerk's record containing any final judgment, if existing, entered in the original or severed cause numbers. The district clerk filed a supplemental clerk's record containing the trial court's October 23, 2020 order dismissing the Employment Dispute against Kindred Hospital with prejudice.

**Discussion**

Kennard Law purports to appeal from the trial court's order striking its plea in intervention and granting Patton's motion to sever. This Court generally has jurisdiction only over appeals from final judgments and specific interlocutory orders

4

that the legislature has designated as appealable orders. *See Lehmann v. Har–Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001); *N.E. Indep. Sch. Dist. v. Aldridge*, 400 S.W.2d 893, 895 (Tex. 1966); *see also* TEX. CIV. PRAC. & REM. CODE § 51.014. A judgment is final if it disposes of all pending parties and claims in the record. *Lehmann*, 39 S.W.3d at 195.

Generally, "[a]n interlocutory order striking an intervention is not an appealable order." *See Nghiem v. Sajib*, No. 01-16-00425-CV, 2016 WL 4131460, at *1 (Tex. App.—Houston [1st Dist.] Aug. 2, 2016, no pet.) (mem. op.). Instead, an order dismissing or striking an intervention may not be appealed by the intervenor before rendition of a final judgment. *See Metromedia Long Distance, Inc. v. Hughes*, 810 S.W.2d 494, 499 (Tex. App.—San Antonio 1991, writ denied). Moreover, when a suit is severed, two or more independent lawsuits result, each with their own final appealable judgments. *Van Dyke v. Boswell, O'Toole, Davis & Pickering*, 697 S.W.2d 381, 383 (Tex. 1985); *Beckham Group, P.C. v. Snyder*, 315 S.W.3d 244, 245 (Tex. App.—Dallas 2010, no pet.). "Thus, although a severance is not a final judgment, it may result in a final judgment." *Beckham Group*, 315 S.W.3d at 245.

Here, when the trial court entered its July 23 Order striking Kennard Law's plea in intervention and severing its claims into a separate cause number, two separate lawsuits resulted: (1) the Employment Dispute, which remained under the original cause number, 15-DCV-226125, and (2) the Attorney's Fee Dispute, which

5

was severed into "the separate cause number of 20-DCV-226125-B or the next available separate cause number."[3] There has been no separate final judgment resolving the Attorney's Fee Dispute that was severed from the Employment Dispute. *See Thompson v. Beyer*, 91 S.W.3d 902, 904 (Tex. App.—Dallas 2002, no pet.) ("As a rule, a severance of an interlocutory judgment into a severed action makes it final if all claims in the severed action have been disposed of, unless the order of severance indicates further proceedings are to be had in the severed action."). Until there is a final judgment signed by the trial court on the separate Attorney's Fee Dispute, this Court does not have appellate jurisdiction to hear this matter. *See Lehmann*, 39 S.W.3d at 195; *see also Beckham Group, P.C.*, 315 S.W.3d 244, 245–46 (Tex. App.—Dallas 2010, no pet.) (holding appellate court lacked jurisdiction over appeal of interlocutory order severing intervenor's attorney's fees claim from divorce proceeding when no final judgment rendered on attorney's fees).

Even setting aside the issue of whether a final judgment has been entered resolving the Attorney's Fee Dispute, Kennard Law has not appealed from an order entered in the severed cause number. Instead, the only order appealed from is the trial court's July 23 Order entered in the original cause number 15-DCV-226125. Once the trial court severed Kennard Law's claims into a separate cause of action,

---

[3]    The trial court's docket sheet demonstrates that the trial court ordered the "[c]ase to be severed and intervention granted as [its] own case . . . Court requested case from lower court regarding attorney's fees be consolidated with the severed case."

Kennard Law was "no longer a party of record in the original cause number and lack[ed] standing to appeal from a final judgment in the original cause number." *Prototype Mach. Co. v. Boulware*, No. 04-18-00952-CV, 2019 WL 938282, at *1 (Tex. App.—San Antonio Feb. 27, 2019, no pet.) (mem. op.) (holding appellant lacked standing to appeal from final judgment in original cause number because trial court severed appellant's claims as intervenor into separate cause number and, therefore, appellant was no longer party to original cause number); *see also Gore Family Ltd. P'ship, Ltd. v. Gore*, No. 01-17-00165-CV, 2018 WL 3384554, at *2 (Tex. App.—Houston [1st Dist.] July 12, 2018, no pet.) (mem. op.) (dismissing appeal for lack of jurisdiction and holding appellant lacked standing to appeal from final judgment in original cause number because claims against appellant had been severed).

Accordingly, we hold that because there has been no final judgment or other appealable order entered in the severed Attorney's Fee Dispute, and because Kennard Law lacks standing to appeal from an order or final judgment entered in the original cause number, we do not have jurisdiction to hear this appeal.

7

## Conclusion

We dismiss this appeal for want of jurisdiction.


Amparo Guerra
Justice

Panel consists of Justices Hightower, Countiss, and Guerra.