# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-23-00553-CV

**William E. Johnson, Appellant**

v.

**Ken Paxton, Texas Attorney General; David Gutierrez, Chairman Board of Pardons and Paroles; Joni White, Assistant Director of the Texas Department of Criminal Justice Classification and Records Department; and Pamela Thielke, Texas Parole Division Director et al., Appellees**

### FROM THE 201ST DISTRICT COURT OF TRAVIS COUNTY
### NO. D-1-GN-16-002392, THE HONORABLE J. DAVID PHILLIPS, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

William E. Johnson filed a notice of appeal stating that he was appealing from an interlocutory order entered by the trial court on June 29, 2023. However, the clerk's record for the case does not contain any judgment or order from that date. On October 27, 2023, the Clerk of this Court informed Johnson that it appears this Court lacks jurisdiction over the matter because there is no final judgment or appealable order. Additionally, the Clerk informed Johnson that even if there is an appealable ruling from June 29, 2023, the notice of appeal filed in this case on September 12, 2023, appears untimely. Accordingly, the Clerk directed Johnson to file a response explaining how this Court has jurisdiction over the appeal. Johnson has filed a response but has not explained how this Court has jurisdiction in this matter.

This Court has jurisdiction over appeals from final judgments and from certain interlocutory orders made appealable by statute. *Scripps NP Operating, LLC v. Carter,*

573 S.W.3d 781, 788 (Tex. 2019); *Stary v. DeBord*, 967 S.W.2d 352, 352-53 (Tex. 1998); *see also* Tex. Civ. Prac. & Rem. Code § 51.014 (authorizing appeals from certain interlocutory orders). "Appellate jurisdiction is never presumed." *Beckham Grp., P.C. v. Snyder*, 315 S.W.3d 244, 245 (Tex. App.—Dallas 2010, no pet.). "Unless the record affirmatively shows the propriety of appellate jurisdiction, we must dismiss." *Id.*

As set out above, Johnson has not identified an appealable order or final judgment, and no final judgment or appealable order appears in the clerk's record. Because Jones has not explained how this Court may exercise jurisdiction over this appeal, we dismiss this appeal for want of jurisdiction. *See* Tex. R. App. P. 42.3(a), 43.2(f); *see also McKinnon v. Wallin*, No. 03-18-00612-CV, 2019 WL 362026, at *1, *2 (Tex. App.—Austin Jan. 30, 2019, no pet.) (mem. op.) (dismissing appeal because appellant failed to identify final judgment or appealable order that would support court's jurisdiction).

_____

Thomas J. Baker, Justice

Before Justices Baker, Triana, and Smith

Dismissed for Want of Jurisdiction

Filed: December 8, 2023