**Opinion issued July 29, 2025**



In The

# Court of Appeals

For The

# First District of Texas

_____

**NO. 01-25-00342-CV**

_____

**IN THE INTEREST OF C.L.M.D., A CHILD**

---

**On Appeal from the 247th District Court**
**Harris County, Texas**
**Trial Court Case No. 2024-45687**

---

## MEMORANDUM OPINION

On May 7, 2025, appellant, mother, filed a notice of appeal in the underlying cause involving the termination of the parent-child relationship. Appellant's notice of appeal stated that the "judgment being appealed was rendered by [the trial court] on April 28, 2025." Appellant's notice of appeal did not include a final judgment signed by the trial court but attached a screenshot from the trial court's electronic docket sheet. The screenshot showed a "posting date" of April 28, 2025 and a

notation stating that the trial court held trial on April 16, 2025 and April 17, 2025, and that "[a]fter considering the pleadings on file, the evidence and testimony presented, and the arguments by counsel . . . [t]ermination [was] granted."

The clerk's record, filed on May 19, 2025, like appellant's notice of appeal, did not include a final judgment signed by the trial court. Also, like appellant's notice of appeal, the clerk's record included a docket sheet with an entry from April 28, 2025 stating that, following trial on April 16-17, 2025, the trial court terminated appellant's parental rights. The April 28, 2025 entry also included a notation that "[e]ntry" of an unidentified order or judgment would occur "by the end of the day" on May 23, 2025 "by submission only." The docket sheet did not provide any information regarding a signed final judgment.

The judgment or order being appealed is required to be included in the clerk's record. *See* TEX. R. APP. P. 34.5(a)(5). Absent a final judgment or otherwise appealable order, this Court lacks jurisdiction over an appeal. *See Beckham Grp., P.C. v. Snyder*, 315 S.W.3d 244, 245 (Tex. App.—Dallas 2010, no pet.) ("Unless the record affirmatively shows the propriety of appellate jurisdiction, we must dismiss."); *see also* TEX. R. APP. P. 42.3(a), 43.2(f). Accordingly, on May 20, 2025, this Court directed the trial court clerk to file a supplemental clerk's record containing the April 28, 2025 final judgment referenced in appellant's notice of appeal, or any other final judgment or other appealable order signed by the trial

court. *See* TEX. R. APP. P. 34.5(c)(1). Alternatively, the trial court was directed to notify this Court if no final judgment or otherwise appealable order had been signed in the underlying cause.

A supplemental clerk's record was filed with the Court on May 23, 2025. The supplemental clerk's record included a docket sheet and this Court's May 20, 2025 order. The docket sheet included a new entry, dated May 20, 2025, in response to the Court's order. In the May 20, 2025 entry, the trial court stated that "as of May 20, 2025, there [was] no final judgment or otherwise appealable order in this cause." While the trial court further noted that the "parties ha[d] been instructed to file a proposed final order granting termination by May 23, 2025," no further supplemental clerk's record has been filed with this Court indicating that the trial court had signed any final judgment or otherwise appealable order.

Accordingly, on June 26, 2025, the Court notified the parties that it appeared we lacked jurisdiction over the appeal because the appellate record as presented to the Court did not reflect that any final judgment or otherwise appealable order had been signed by the trial court. Appellant was therefore directed to file a written response, within ten days of the date of the order, including citation to the law and the record, demonstrating that the Court had jurisdiction over the appeal, specifically, identifying the signed final judgment or appealable order challenged on

appeal. Appellant was further notified that the failure to respond would result in dismissal of the appeal. *See* TEX. R. APP. P. 42.3(a), (c), 43.2(f).

Despite notice that the appeal was subject to dismissal, appellant did not adequately respond to the Court's June 26, 2025 order. Accordingly, we dismiss the appeal for lack of jurisdiction and failure to comply with an order of this Court. *See* TEX. R. APP. P. 42.3(a), (c), 43.2(f). We dismiss all other pending motions as moot.

**PER CURIAM**

Panel consists of Justices Guerra, Gunn, and Dokupil.