**Opinion issued June 18, 2026**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-25-01006-CV

———————————

**DELESTER SCOTT, Appellant**

**V.**

**PETER HINH, Appellee**

---

**On Appeal from the 333rd District Court**
**Harris County, Texas**
**Trial Court Case No. 2025-35667**

---

## MEMORANDUM OPINION

Appellant, Delester Scott, filed a notice of appeal from the trial court's November 1, 2025 order denying his motion for summary judgment. We dismiss the appeal for lack of jurisdiction.

On May 21, 2025, Scott filed suit against appellee, Peter Hinh, and others for negligence. On August 5, 2025, Scott moved for summary judgment on his negligence claim against Hinh. On November 1, 2025, the trial court denied Scott's motion for summary judgment. On December 1, 2025, Scott filed a notice of appeal, seeking to challenge the trial court's November 1, 2025 order.

Unless specifically authorized by statute, Texas appellate courts have jurisdiction only to review final judgments. *McFadin v. Broadway Coffeehouse, LLC*, 539 S.W.3d 278, 283 (Tex. 2018). A judgment or order is final if it disposes of every pending claim and party. *See Lehmann v. Har–Con Corp.*, 39 S.W.3d 191, 205 (Tex. 2001). An order denying a plaintiff's motion for summary judgment does not finally dispose of the plaintiff's claims and does not constitute a final judgment. *See Cincinnati Life Ins. Co. v. Cates*, 927 S.W.2d 623, 625 (Tex. 1996); *Surety Bonding Co. of Am. v. Auto. Acceptance Corp.*, 674 S.W.3d 580, 587 (Tex. App.—Houston [1st Dist.] 2023, no pet.) ("[A] denial of a summary-judgment is generally not appealable . . . ."); *Mitchell v. Mitchell*, 445 S.W.3d 790, 801 (Tex. App.—Houston [1st Dist.] 2014, no pet.) ("Generally, the denial of a motion for summary judgment is an interlocutory order that . . . is not appealable."). Absent a final judgment, this Court lacks jurisdiction over appellant's appeal, and we must dismiss. *In re C.L.M.D.*, No. 01-25-00342-CV, 2025 WL 2109895, at *1 (Tex. App.—Houston [1st Dist.] July 29, 2025, no pet.) (mem. op.); *Beckham Grp., P.C. v.*

*Snyder*, 315 S.W.3d 244, 245 (Tex. App.—Dallas 2010, no pet.) ("Unless the record affirmatively shows the propriety of appellate jurisdiction, we must dismiss.").

On June 2, 2026, the Clerk of this Court notified Scott that the Court may dismiss his appeal for lack of jurisdiction unless he timely filed a response demonstrating that the Court had jurisdiction over his appeal. *See* TEX. R. APP. P. 42.3(a). Scott did not adequately respond.

Accordingly, we dismiss the appeal for lack of jurisdiction. *See* TEX. R. APP. P. 42.3(a), 43.2(f). We dismiss any pending motions as moot.

**PER CURIAM**

Panel consists of Chief Justice Adams and Justices Rivas-Molloy and Guiney.