**Robert Don INMAN, Relator,**

v.

**Bob O'DONNELL, Judge, 301st Judicial District Court, Dallas County, Texas, Respondent.**

**No. 05–86–00674–CV.**

Court of Appeals of Texas, Dallas.

Oct. 24, 1986.

J. Thomas Sullivan, SMU School of Law, Henry J. Ackels, Dallas, for relator.

Martin L. Kahn, Irving, for real party in interest: Monique Marie Inman.

Before GUITTARD, C.J., and VANCE and McCLUNG, JJ.

McCLUNG, Justice.

Relator Robert Don Inman filed a petition for a writ of prohibition against respondent the Honorable Bob O'Donnell, Judge of the 301st Judicial Court of Dallas County, Texas (the "301st Court"), seeking to prohibit any further action on a claim for attorney's fees that was severed from a primary proceeding for divorce between Inman and his wife, Monique Marie Inman. Inman contends that the 301st Court's severance was erroneous under the Texas Family Code,[1] that attorney's fees cannot be severed from a general division of the community estate under section 3.63 of the Code, and that the purported final decree of divorce entered by the 301st Court on December 10, 1985, must actually be interlocutory in nature. We agree that attorney's fees cannot properly be severed out from the division of the community estate. Nonetheless, we hold that Inman has failed to establish that he has no adequate remedy at law upon appeal, and, therefore, we deny his petition for the writ of prohibition.

After a hearing in the main divorce proceeding on August 12, 1985, the 301st Court rendered judgment that Martin L. Kahn, Monique's attorney, receive approxi-

mately $61,000 in attorney's fees from Inman. On September 10, Inman filed a motion to reconsider the award because the amount of the award had been established by the expert testimony of Kahn himself and another attorney as expert witnesses, neither of whom were disclosed in response to the interrogatories propounded by Inman during discovery. On November 25, the 301st Court reconsidered, and denied Kahn, acting on behalf of Monique, any recovery of attorney's fees. On December 10, the 301st Court entered a final decree of divorce. That decree awarded certain fees to a guardian ad litem on behalf of the minor child of the marriage, but denied attorney's fees to either adult party. Instead, each party was ordered to pay the attorney's fees that that party had incurred.

On December 30, Monique filed a motion for new trial, in part reurging the matter of Kahn's attorney's fees. On February 19, 1986, the 301st Court granted Monique's motion in part and denied it in part. It granted a partial new trial for the sole purpose of determining the amount of fees that Inman should pay Kahn and, on its own motion, severed out the action for attorney's fees from the main divorce action. Pursuant to that severance, Kahn brought suit on his own behalf against Inman for attorney's fees. It is that suit in which Inman seeks to prohibit any further action.

The record reflects that the entire community estate is worth approximately $267,000. Kahn seeks an award of approximately $61,000 for his fees. Inman accepts the division of the community estate reflected in the December 10 decree, but argues that an award of attorney's fees against him now, when the December 10 decree is purportedly final and no longer appealable, would result in a grossly inequitable division of the estate against him. Monique, on the other hand, through Kahn, argues that the December 10 decree results

---

1. All statutory references are to the Texas Family Code (Vernon 1975 & Vernon Supp.1986).

in a grossly inequitable division to her, unless she can have an independent award now of attorney's fees.

■ It is clear that the allotment of attorney's fees is part of the general division of the community estate under section 3.63 of the Family Code.[2] *Vautrain v. Vautrain,* 646 S.W.2d 309, 314–15 (Tex. App.—Fort Worth 1983, writ dism'd). Indeed, a subsequent suit for attorney's fees not brought in the original divorce action is barred by res judicata. *Gillis v. Wilbur,* 700 S.W.2d 734, 736 (Tex.App.—Dallas 1985, no writ).

■ Res judicata, however, cannot bar a claim explicitly severed by the trial court. *Van Dyke v. Boswell,* 697 S.W.2d 381, 384 (Tex.1985). A severance, even though erroneous, is effective and, in the absence of objection, permits valid, final judgments to be rendered in both proceedings. *Pierce v. Reynolds,* 160 Tex. 198, 200–203, 329 S.W.2d 76, 78–79 (1959); *Rutherford v. Whataburger, Inc.,* 601 S.W.2d 441, 443 (Tex.Civ.App.—Dallas 1980, writ ref'd n.r. e.).

■ Inman may well be prejudiced by the erroneous severance of Kahn's attorney-fee claim and litigation of that claim in an action separate from that involving the property division. His remedy for that error, however, is a timely objection to the severance, and, if that objection is overruled, an appeal from the final judgment. *See, Rutherford,* 601 S.W.2d at 443. We have no power to issue a writ of prohibition when the relator has an adequate remedy by appeal. *Street v. Second Court of Appeals,* 715 S.W.2d 638, (Tex.1986). Accordingly, we deny Inman's petition for writ of prohibition.

2. Kahn also argues that he is entitled to attorney's fees on two other grounds, the common-law doctrine of "necessaries" for Monique and the child, and section 11.18 of the Code (allotment of attorney's fees in a suit affecting a parent-child relationship). The doctrine of necessaries has been questioned. *Reames v. Reames,* 604 S.W.2d 335, 337–38 (Tex.Civ.App.—

Dallas 1980, no writ). Furthermore, the minor child's interests were represented by a guardian ad litem. In any case, Kahn has made no showing that he segregated those fees attributable to the divorce action generally from those for his efforts, if any, strictly on behalf of the child. Accordingly, we decline to consider this argument.