

# Fourth Court of Appeals
## San Antonio, Texas

## OPINION

No. 04-16-00271-CV

**IN THE INTEREST OF J.A.P.** and B.A.R., Children

From the 285th Judicial District Court, Bexar County, Texas
Trial Court No. 2015PA00857
Honorable Peter Sakai, Judge Presiding

Opinion by:    Rebeca C. Martinez, Justice

Sitting:       Sandee Bryan Marion, Chief Justice
               Rebeca C. Martinez, Justice
               Jason Pulliam, Justice

Delivered and Filed:  October 31, 2016

REVERSED AND REMANDED

John R. appeals the trial court's denial of his request for a de novo hearing before the referring district court after the associate judge rendered an order terminating his parental rights. We reverse and remand.

### BACKGROUND

On April 27, 2015, the Texas Department of Family and Protective Services filed its Original Petition for Protection of a Child, for Conservatorship, and for Termination in Suit Affecting the Parent-Child Relationship in which it sought to terminate John's parental rights to B.A.R. and to discharge John as managing conservator of J.A.P.

On April 8, 2016, the associate judge, the Honorable Richard Garcia, heard the matter and rendered an order terminating John's parental rights to B.A.R. and discharging John as managing

conservator of J.A.P. John was not present at the April 8, 2016 bench trial, but thereafter contacted his attorney and authorized him to file a request for a de novo hearing with the referring district court. The "Request for De Novo Hearing" was timely filed on April 13, 2016 and the matter was set for hearing before the referring court on May 4, 2016. The referring district court, the Honorable Peter Sakai presiding, conducted a hearing on John's request for a de novo hearing. At the hearing, the Department argued that John waived his right to request a de novo hearing because the Order of Termination signed by the associate judge included the following language:

> The Court finds that all parties have waived any objections to the hearing by an Associate Judge and do hereby waive their right to de novo review pursuant to Section 201.015 of the Texas Family Code.

The Department explained that the language was found "in all our termination orders." The Order of Termination was "approved as to form" and signed by John's attorney.

John's attorney argued that he never agreed to such a waiver, that his signature on the order was an "oversight," and that the associate judge never orally pronounced that the parties were waiving their right to de novo review at the April 8, 2016 bench trial. The referring district court denied the request for de novo review. John timely appealed.

## DISCUSSION

Pursuant to the Family Code, a judge may refer certain matters to an associate judge for a hearing. TEX. FAM. CODE ANN. § 201.005 (West Supp. 2016). Upon ruling on the referred matter, the associate judge must issue a report, which may contain the associate judge's findings, conclusions, or recommendations, and may be in the form of a proposed order. *Id.* § 201.011(a) (West 2014). A party has the right to request a de novo hearing before the referring court not later than the third working day after the party receives notice of the substance of the associate judge's report or proposed order. *Id.* § 201.015(a) (West Supp. 2016). A party who timely requests a de novo hearing is entitled to one before the referring court. *Id.* § 201.015(f) (West Supp. 2016); *In*

*re A.M.*, 418 S.W.3d 830, 835 (Tex. App.—Dallas 2013, no pet.); *Fountain v. Knebel*, 45 S.W.3d 736, 740 (Tex. App.—Dallas 2001, no pet.).

"***Before the start*** of a hearing by an associate judge, the parties may waive the right of a de novo hearing before the referring court in writing or on the record." TEX. FAM. CODE ANN. § 201.015(g) (West Supp. 2016) (emphasis added). We review de novo the denial of a party's request for a de novo hearing before the referring court under section 201.015. *In re M.G.N.*, 441 S.W.3d 246, 248 (Tex. 2014) (citing *Fin. Comm'n of Tex. v. Norwood*, 418 S.W.3d 566, 585 (Tex. 2013) (construction of statute is question of law that appellate court reviews de novo)).

John argues the referring court erred in denying his request for a de novo hearing because such a hearing is mandatory when timely requested under section 201.015, and because language purporting to waive the right to a de novo hearing is not effective when the order is merely "approved as to form." We agree. Section 201.015(g) explicitly provides that any waiver of the right of a de novo hearing before the referring court must occur "***before the start*** of a hearing by an associate judge." TEX. FAM. CODE ANN. § 201.015(g) (West Supp. 2016) (emphasis added). Here, the "waiver," if any, did not occur before the start of the April 8, 2016 hearing before the associate judge. The 44-page reporter's record of the April 8, 2016 bench trial does not indicate that the parties waived the right of a de novo hearing before the start of the hearing, and, in fact, is devoid of any mention of an agreement to waive de novo review by the referring court. The Department argues that the record supports the waiver language included in the Order of Termination because, on February 22, 2016, prior to the trial on the merits, the associate judge signed "Order Waiving Jury" with the following added language: "The parties agree to waive any and all objections to an associate judge." The Department's argument, however, is incorrect. The "Order Waiving Jury" makes no mention whatsoever of a waiver of the de novo hearing. Instead, the "Order Waiving Jury" includes language that merely provides the parties agree to waive their objections to an associate judge hearing the termination trial on the merits as opposed to the

referring court. The right to object to a referral under section 201.005 is separate and distinct from the right to waive a de novo hearing under section 201.015. *Compare* TEX. FAM. CODE ANN. § 201.005(b), (c) (West Supp. 2016) (party may file written objection to associate judge hearing trial on the merits not later than the 10th day after the date the party receives notice that the associate judge will hear the trial) *with* § 201.015(g) (West Supp. 2016) ("Before the start of a hearing by an associate judge, the parties may waive the right of a de novo hearing before the referring court in writing or on the record."). Thus, because the record demonstrates that the purported "waiver" did not comply with section 201.015(g), we hold the referring district court erred in denying John's request for a de novo hearing.

Additionally, even if the right to object could be waived after the hearing, the waiver language included in the associate judge's order would not have been effective in this instance. John's attorney merely signed the order as "approved as to form" and the record does not support substantive approval of the waiver. "It is well settled that when the notation 'Approved as to Form' appears with an attorney's signature, it does not create the same consent to substance as the notation 'Approved as to Form and Substance' or 'Approved as to Content.'" *Bion Const., Inc. v. Grande Valley Homes, LLC*, No. 04-09-00060-CV, 2009 WL 4669844, at *4 (Tex. App.—San Antonio Dec. 9, 2009, no pet.) (mem. op.). "In fact, this court previously held 'when an attorney's signature indicates 'Approved' he has simply approved the judgment as to form only, unless other language in the judgment indicates that the substance of the judgment was also agreed.'" *Id*. (quoting *Bexar County Criminal Dist. Attorney's Office v. Mayo*, 113 S.W.2d 642, 644 (Tex. App.—San Antonio 1989, no writ)). "Even further, this court later held that 'Approved and Agreed' standing alone does not establish a consent decree." *Bion Const*., 2009 WL 4669844, at *4 (citing *Oryx Energy Co. v. Union Nat'l Bank of Tex.*, 895 S.W.2d 409, 417 (Tex. App.—San Antonio 1995, writ denied)). Here, the Department presented no evidence at trial, and submits no authority on appeal, to suggest the parties meant anything more than the plain meaning of

"Approved as to Form." Again, the short reporter's record of the April 8, 2016 bench trial is devoid of any mention of an agreement to waive de novo review before the referring court. Because there is no indication in the record before us that John agreed to waive his right to a de novo hearing, we hold the referring district court erred in denying same. Accordingly, we sustain John's sole issue on appeal.

## CONCLUSION

We reverse the judgment of the referring district court and remand the cause to that court for further proceedings.

Rebeca C. Martinez, Justice