**AFFIRM in part; REVERSE in part; and REMAND and Opinion Filed June 28, 2024**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

## No. 05-23-00454-CV

**SHACKELFORD, BOWEN, MCKINLEY & NORTON, LLP, CARSON EPES STEINBAUER, WHITLEY PENN, LLP, AND ROBERT METZ, Appellants**
**V.**
**IRINA PETERS AND NICK PETERS, Appellees**

**and**

**IN RE SHACKELFORD, BOWEN, MCKINLEY & NORTON, LLP, CARSON EPES STEINBAUER, WHITLEY PENN, LLP, AND ROBERT METZ, Relators**

**On Appeal from the 417th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 417-50402-2019**

## MEMORANDUM OPINION

Before Justices Reichek, Carlyle, and Miskel
Opinion by Justice Reichek

In this consolidated interlocutory appeal and original proceeding, appellants/relators challenge the trial court's order denying their motions to compel arbitration and severing their claims into a separate cause. For the reasons that follow, we reverse the trial court's order to the extent it denies the motion to compel

arbitration filed by Whitley Penn, LLP and Robert Metz (collectively the "Accountants"). We affirm the order in all other respects. We deny the petition for writ of mandamus.

## Background

Irina Peters ("Mother") and Nick Peters ("Father") were married in March 2012. During their marriage, they had two children together.

On January 18, 2019, Mother filed for divorce. Mother was represented at the time by Carson Steinbauer and the law firm of Shackelford, Bowen, McKinley & Norton, LLP (collectively the "Lawyers"). The engagement agreement between Mother and the Lawyers provided,

> If costs of court or attorney's fees are assessed against you in your case by the court, you will be solely responsible for their payment and these amounts will not be taken from your Retainer balance. Conversely, if such costs o[r] fees are awarded to you, the amounts received will be credited to your account if paid directly to Shackelford Law. The award of costs or fees does not affect your responsibility to Shackelford Law to pay for the fees and costs incurred on your behalf.

In October 2019, Steinbauer advised Mother to retain the Accountants as consultants on the financial and property matters at issue in the divorce. On Steinbauer's recommendation, Mother signed a letter agreement with the Accountants stating,

> [The Accountants'] fees and expenses will be due and payable regardless of any opinion we may render or the outcome of this matter. The fees due are not contingent upon any appraisal result or event occurring in the litigation. We shall use our best efforts in the performance of the assignment and shall be entitled

–2–

to full payment of all fees without regard to any ruling of the court or ultimate use of any written report or testimony.

The agreement included an arbitration clause providing,

> In the unlikely event differences concerning our services or fees should arise that are not resolved by mutual agreement, to facilitate judicial resolution and save time and expense of both parties, Irina Peters and Whitley Penn agree not to demand a trial by jury in any action, proceeding, or counterclaim arising out of or relating to our services and fees for this engagement. Any controversy, dispute, or question arising out of or in connection with this agreement or our engagement shall be determined by arbitration in Tarrant County, Texas (or other mutually agreed county within Texas) conducted in accordance with the rules of the American Arbitration Association, and any decision rendered by the American Arbitration Association shall be binding on both parties to this agreement. The costs of any arbitration shall be borne equally by the parties.

Almost three years after the divorce was filed, Steinbauer sent Mother an email discussing, among other things, possible arbitration of the divorce and the suit affecting the parent-child relationship ("SAPCR"). Steinbauer informed Mother that, "opposing counsel has asked if you are willing to arbitrate the entire case with George Parker as opposed to a jury trial. I am not opposed to that. I think he would do a good job." Mother responded, "If you think it's a good idea I will support it too because I don't know much about it so I agree with you on that matter."

One month later, the trial court signed an Agreed Order for Arbitration appointing Parker as the arbitrator. The order begins by stating the agreed order "is entered into by Irina Leonidovna Peters, Petitioner, and Nick Paul Peters, Respondent (hereinafter referred to together as "the parties")." In the section entitled

"Rules" the order states, "[t]he parties agree to be bound by this Agreed Order for Arbitration and the attached Family Law Arbitration Rules." Although referenced, a copy of the Family Law Arbitration Rules was not attached. Under the heading "Issues" the order states,

> All issues, causes of action, claims, counterclaims, or rights of action relating to this cause shall be submitted to final and binding arbitration in lieu of a trial to the Court such that all matters in this cause shall be decided by the Arbitrator and no matters in this cause shall be presented to the Court for final trial.

Mother and Father signed the order indicating they "stipulated and agreed" to the order's terms. Parker signed the order accepting the arbitration assignment. Steinbauer signed the order in her capacity as Mother's attorney approving the order as to form only.

Shortly after the order was entered, Mother submitted a request to Parker for an award of interim fees. Parker granted the request and ordered Father to pay Mother $100,000. The order stated there would be no further fee awards until trial.

On June 2, 2022, the Lawyers filed an agreed motion to withdraw as counsel for Mother. That same day, the Lawyers filed a petition in intervention in Mother's divorce action asserting claims against Mother for breach of contract, quantum meruit, and suit on sworn account seeking to recover over $86,000 in fees and expenses. The Accountants later filed their own petition in intervention asserting claims against Mother for $140,460 in unpaid fees, costs, and interest.

Mother answered and asserted counterclaims for negligence, malpractice, breach of contract, breach of fiduciary duty, and violations of the Texas Deceptive Trade Practices Act. Mother and Father each moved to strike or dismiss appellants' pleas in intervention or, alternatively, consolidate appellants' claims with Mother's counterclaims and sever them from the divorce. In response, appellants moved to stay proceedings in the trial court and requested their claims and Mother's counterclaims be included in the divorce and SAPCR arbitration before Parker. The Lawyers argued they were entitled to enforce the Agreed Order for Arbitration as to their claims under the theories of assumption, agency, direct benefits estoppel, and third-party beneficiary. The Accountants joined in the Lawyers' motion and additionally sought to compel arbitration pursuant to the arbitration clause in their letter agreement with Mother.

The trial court conducted an evidentiary hearing on the parties' motions. Immediately before the hearing, Mother and Father signed an "Amended Family Law Arbitration Order" listing the issues to be decided in the divorce and SAPCR arbitration and specifically excluding "any claims between the parties and their counsel or their counsel's law firms." Parker signed the amended order, approving it as arbitrator.

At the hearing, Mother testified concerning the circumstances surrounding the execution of the original Agreed Order for Arbitration and her letter agreement with the Accountants. According to Mother, she signed the letter agreement with the

–5–

Accountants based solely on the advice of the Lawyers and was never told about the arbitration provision. Mother's new counsel testified regarding the additional expense and delays caused by the interventions. Mother and Father both tendered the amended arbitration order to the court for its approval.

After hearing the evidence, the trial court denied appellants' motions to stay proceedings and compel arbitration, and granted Mother's and Father's motions to sever the fee claims and counterclaims into a separate cause of action. The court did not sign the Amended Family Law Arbitration Order, but instead amended the original Agreed Order for Arbitration to attach the Family Law Arbitration Rules and held that "[a]ll other provisions of the Agreed Order for Arbitration remain in full force and effect."

## Analysis

### I. Agreed Order for Arbitration

Appellants challenge the trial court's order denying their motions to compel arbitration arguing their claims against Mother, and her counterclaims against them, are encompassed by the Agreed Order for Arbitration. We review a trial court's order denying a motion to compel arbitration for abuse of discretion. *Henry v, Cash Biz, LP*, 551 S.W.3d 111, 115 (Tex. 2018). "A trial court abuses its discretion if it reaches a decision so arbitrary and unreasonable it amounts to a clear and prejudicial error of law or if it clearly fails to correctly analyze or apply the law." *In re Olshan Found. Repair Co. LLC*, 328 S.W.3d 883, 888 (Tex. 2010). Under this standard, we

defer to the trial court's factual determinations if they are supported by the evidence, but we review its legal determinations de novo. *Carr v. Main Carr Dev., LLC*, 337 S.W.3d 489, 494 (Tex. App.—Dallas 2011, pet. denied).

Arbitration is a matter of contract and, as with all contracts, arbitration agreements must be enforced according to their terms. *Wagner v. Apache Corp.*, 627 S.W.3d 277, 283 (Tex. 2021). A party can be forced to arbitrate only those issues they have specifically agreed to submit to arbitration. *Id*. When deciding whether parties have agreed to arbitrate, we do not resolve doubts or indulge a presumption in favor of arbitration. *Constant v. Gillespie*, No. 05-20-00734-CV, 2022 WL 1564555, at *4 (Tex. App.—Dallas May 18, 2022, no pet.) (mem. op.). The presumption in favor of arbitration does not apply to the existence of an agreement to arbitrate or to the identity of the parties who may be bound to the agreement. *Carr*, 337 S.W.3d at 496. We apply ordinary principles of contract law to determine whether a valid agreement exists and the intent of the parties as expressed in the terms of the agreement. *G.T. Leach Builders, LLC v. Sapphire V.P., LP*, 458 S.W.3d 502, 524 (Tex. 2015)

The Lawyers argue they have standing to compel arbitration of their claims and Mother's counterclaims in the divorce and SAPCR arbitration because they are signatories and "deemed parties" to the Agreed Order for Arbitration. The Lawyers do not address the fact that the agreed order defines the parties to the agreement as Mother and Father. Nor do they address the fact that Steinbauer signed the agreed

–7–

order solely in a representative capacity and approved it as to its form only. *See Roe v. Ladymon*, 318 S.W.3d 502, 515 (Tex. App.—Dallas 2010, no pet.) (person signing in representative capacity not party to contract with arbitration provision); *In re J.A.P.*, 510 S.W.3d 722, 724 (Tex. App.—San Antonio 2016, no pet.) (approving as to form does not constitute consent to substance). Instead, the Lawyers rely on *Newman v. Link*, 889 S.W.2d 288 (Tex. 1994) to argue the arbitrator's award of attorney's fees in its division of the community estate would be binding on them and, therefore, they must be considered parties to the Agreed Order for Arbitration. The supreme court's opinion in *Newman* does not address the issues presented here.

In *Newman*, a lawyer who participated in the entry of a consent judgment in favor of his client filed suit more than a year after the judgment was rendered seeking a declaration that the portion of the judgment requiring him to pay ad litem fees was unenforceable. *Id*. at 289. The supreme court held that, because the lawyer participated in the proceeding giving rise to the consent judgment, and he neither objected to nor appealed from the judgment, he was barred from re-litigating the judgment's terms under the theory of res judicata. *Id*.; *see also John M. Gillis, P.C. v. Wilbur*, 700 S.W.2d 734, 736 (Tex. App.—Dallas 1985, no writ). The elements of res judicata are fundamentally different from those of contract formation.[1]

---

[1] Res judicata requires proof of (1) a prior final judgment on the merits by a court of competent jurisdiction, (2) identity of parties or those in privity with them, and (3) a second action based on the same claims as were raised or could have been raised in the first action. *Amstadt v. U.S. Brass Corp.*, 919 S.W.2d 644, 652 (Tex. 1996).

Nothing in *Newman* suggests the Lawyers can be considered parties to an agreement that does not list them as parties, does not impose any obligations upon them, and that they did not sign on their own behalf. *See Ladymon*, 318 S.W.3d at 515–16. Moreover, nothing in *Newman* suggests the results in the divorce arbitration will have any preclusive effects on the Lawyers claims against Mother for fees. *See Inman v. O'Donnell*, 722 S.W.2d 16, 18 (Tex. App.—Dallas 1986, no writ) (res judicata cannot bar claim explicitly severed by trial court).

In the alternative, appellants contend they can each enforce the agreed order as nonparties. As a general rule, an arbitration agreement cannot be enforced by nonparties to the contract. *G.T. Leach*, 458 S.W.3d at 524. There are six theories, however, that allow a non-signatory to enforce an arbitration agreement: (1) incorporation by reference; (2) assumption; (3) agency; (4) alter ego; (5) equitable estoppel; and (6) third-party beneficiary. *Id*. Appellants argue they are entitled to enforce the Agreed Order for Arbitration under the theories of assumption, equitable estoppel, and third-party beneficiary. The Lawyers also separately rely on the theory of agency.

---

The elements required for the formation of a valid contract are: (1) an offer, (2) acceptance in strict compliance with the terms of the offer, (3) a meeting of the minds, (4) each party's consent to the terms, and (5) execution and delivery of the contract with the intent that it be mutual and binding. *Levetz v. Sutton*, 404 S.W.3d 798, 803 (Tex. App.—Dallas 2013, pet. denied).

### A. Assumption

Appellants contend Mother assigned them her rights to recover their fees and expenses from Father in the divorce proceeding by filing multiple pleadings requesting Father pay the amounts owed by Mother directly to them. Because Mother's claims for fees and expenses against Father are subject to the Agreed Order for Arbitration, appellants argue Mother necessarily agreed to arbitrate any dispute concerning their fees and expenses. Neither the facts nor appellant's arguments fit the theory of assumption.

For assumption to apply, the assignee must expressly or impliedly assume the contractual obligations of another. *Wagner*, 627 S.W.3d at 286. Here, appellants have not expressly or by implication assumed any contractual obligations of Mother's. Appellants contend they "assumed" the obligation to arbitrate by intervening in the divorce action and filing a motion to compel arbitration. But these unilateral actions were not an assumption of Mother's obligations which remain the same. Furthermore, appellants are not seeking to assert purportedly assigned claims against Father. Appellants' live pleadings assert no claims against Father whatsoever. They have asserted only contractual and quasi-contractual claims against Mother. The theory of assumption does not apply to those claims. *See id.*

**B. Equitable Estoppel**

The theory of equitable estoppel allows a non-signatory to compel arbitration when the signatory to a written agreement containing an arbitration provision must rely on the terms of the agreement in asserting their claim against the non-signatory. *Meyer v. WMCO-GP, LLC*, 211 S.W.3d 302, 305–06 (Tex. 2006). The underlying principle of the theory is that a claimant cannot "on the one hand, seek to hold the non-signatory liable pursuant to duties imposed by the agreement which contains an arbitration provision, but, on the other hand, deny arbitration's applicability because the defendant is a non-signatory." *Id*. at 306. The principle applies only when the claimant seeks "direct benefits" under the agreement. *G.T. Leach*, 458 S.W.3d at 527. It is not enough that the claim merely bears some relationship to the contract. *Id*. at 527–28.

The Lawyers argue that Mother's counterclaims against them are dependent on the Agreed Order for Arbitration because one of her complaints is that they fraudulently induced her to agree to arbitrate her divorce when arbitration was not in her best interests. Mother's assertion that the Lawyers induced her to sign the agreed order is only one of multiple acts forming the basis of Mother's claims against the Lawyers. She also asserts they did an "inordinate amount of work" that she did not approve, negligently included confidential information in her pleadings, gave her inaccurate advice on tax matters, failed to inform her of offers made by Father, and provided her with false information to convince her to pursue claims against

–11–

Father she did not wish to pursue. The substance of all her complaints arises from the duties owed by the Lawyers to Mother as their client. None of her claims, including that she was fraudulently induced to sign the Agreed Order for Arbitration, arises out of, or depends upon, the terms of the agreed order.

Both appellants argue Mother sought a direct benefit from the agreed order by submitting a request for interim fees and expenses to the arbitrator for resolution. This "benefit" was sought at the behest of appellants before they filed their claims against Mother. Mother has never sought to benefit from the Agreed Order for Arbitration in connection with the claims and counterclaims between her and appellants, and she has, in fact, requested in her pleadings that the agreed order be rescinded.

The Lawyers attempt to invoke the "intertwined claims theory" of estoppel arguing the alleged debt owed to them by Mother is intertwined with her claims for attorney's fees in the divorce action. We have repeatedly recognized that the theory of intertwined claims estoppel has never been adopted by the Texas Supreme Court. See e.g., *Ashby v. Kern*, No. 05-20-00985-CV, 2021 WL 2963750, at *9 (Tex. App.—Dallas July 14, 2021, pet. denied). Even assuming the theory is valid, to be applicable, the claims at issue must be "intimately founded on, and intertwined with" the underlying obligations of the agreement containing the arbitration provision. *Id*. As stated above, Mother's claims against the appellants are based upon their duties to her as their client, not on any obligations arising out of the Agreed Order for

Arbitration. Likewise, appellants' claims against Mother are based on her obligations to them arising out of the contracts she signed employing them. Mother's agreement with the Lawyers provides that any amount of fees awarded by the court in the divorce action "*does not affect*" her responsibility to pay the Lawyers the fees and costs. Similarly, Mother's agreement with the Accountants states they are entitled to full payment of all fees without regard to any ruling of the court. We conclude no theory of estoppel allows appellants to enforce the Agreed Order for Arbitration.

### C. Third-Party Beneficiary

Appellants next contend they can enforce the Agreed Order for Arbitration because they are third-party beneficiaries of the agreement. There is a presumption against conferring third-party beneficiary status on a claimant. *Allan v. Nersesova*, 307 S.W.3d 564, 571 (Tex. App.—Dallas 2010, no pet.). A third-party may enforce a contract as a beneficiary only if the contracting parties entered into the contract "directly and primarily for the third party's benefit." *Id*. The intent to confer a direct benefit upon a third party must be clearly and fully spelled out. *Id*. We will not create a third-party beneficiary by implication. *Carr*, 337 S.W.3d at 495.

Here, the Agreed Order for Arbitration does not contain language that "clearly and fully" confers a benefit to appellants. Mother and Father entered into the agreed order directly and primarily for their own benefit to resolve the existing claims between them. The agreed order cannot be read to contemplate arbitration of claims

and counterclaims between appellants and Mother that did not exist when the agreement was signed.

**D. Agency**

Lastly, the Lawyers contend they can enforce the Agreed Order for Arbitration under the theory of agency. Generally, where a principal is bound by the terms of a valid arbitration clause, the principal's agents, employees, and representatives are also covered. *In re Vesta Ins. Grp., Inc.*, 192 S.W.3d 759 762–63 (Tex. 2006). The underlying principle is that "a contracting party generally cannot avoid clauses by suing the other party's agents" who are non-signatories. *In re Kaplan Higher Educ. Corp.*, 235 S.W.3d 206, 209 (Tex. 2007). The principle applies when all of the non-signatory's allegedly wrongful acts relate to their behavior as agents of the signatory, and the wrongful acts by the non-signatories are within the scope of the claims covered by the arbitration provision *for which the signatory would be liable*. *McMillan v. Comput. Translation Sys. & Support, Inc.*, 66 S.W.3d 477, 481 (Tex. App.—Dallas 2001, no pet.).

Although Mother's claims against the Lawyers arguably concern allegedly wrongful acts they committed while acting as her agents, Mother obviously could not be held liable for the claims she is herself asserting against the Lawyers based on those acts. Accordingly, the theory of agency does not apply. *See id*.

We conclude neither the Lawyers nor the Accountants are entitled to enforce the Agreed Order for Arbitration under any of the theories they have asserted. The trial court properly denied their motions to compel under the agreed order.

## II. Accountants' Engagement Letter Agreement

As a further basis for compelling arbitration, the Accountants rely on the arbitration provision in their engagement letter agreement with Mother.[2] Mother does not dispute she signed the agreement or that the claims brought by and against the Accountants fall within the scope of the agreement's arbitration provision. Instead, Mother argues she presented sufficient evidence for the trial court to reasonably conclude the agreement was substantively and procedurally unconscionable and, therefore, unenforceable.

The Accountants begin by arguing that, because the arbitration provision in the letter agreement states that any arbitration will be conducted in accordance with the rules of the American Arbitration Association, issues of arbitrability, including whether the agreement is unconscionable, are delegated to the arbitrator for determination. *See TotalEnergies E&P USA, Inc. v. MP Gulf of Mex., LLC*, 667 S.W.3d 694, 712 (Tex. 2023). The Accountants did not raise this issue in the trial

---

[2] Correspondence sent to the parties by the trial court's administrator set out the court's rulings on the parties' motions including that the court "makes no decision on the arbitration clause of Whitley Penn and Mrs. Peters." The correspondence instructed that "[t]he findings and rulings of the Court are to be added to orders forthcoming in accordance with those findings by Mrs. Peters's attorneys." The order signed by the trial court did not exempt the arbitration clause in the Accountants' letter agreement from the court's rulings, but denied the Accountants' motion to compel arbitration in its entirety.

court, however. In both their motion to compel arbitration and their arguments at the hearing, they requested the court to determine the arbitrability of the claims and counterclaims under the terms of the letter agreement.

The Accountants point to a single statement made at the hearing to show they brought the issue of delegating arbitrability to the attention of the trial court. At the beginning of the hearing, counsel for the Accountants stated,

> Whitley Penn intervenors ask this Court to determine that their intervention and Ms. Peters's counterclaims against Whitley Penn are within the scope of the existing arbitration proceedings and, further, to stay further court proceedings on all other pending motions or claims and to compel Ms. Peters to present any additional matters, motions, or claims to the arbitrator.

The context of the statement was discussion of the applicability of the Agreed Order for Arbitration which does not incorporate the AAA rules or otherwise delegate the issue of arbitrability to the arbitrator. The reference to "additional matters" did not, therefore, encompass arbitrability. When counsel later discussed the Accountants' letter agreement with Mother as an alternative basis to compel arbitration, he argued the merits of Mother's defenses to the agreement were foreclosed by "black letter law." No mention was made of delegating arbitrability or sending the issue of unconscionability to the arbitrator.

The Accountants next argue they could not have asserted the delegation issue before this appeal because the Texas Supreme Court did not issue its opinion in *TotalEnergies* – holding the AAA rules clearly delegate the issue of arbitrability to the arbitrator – until after the hearings on the motions to compel were completed.

*See TotalEnergies*, 667 S.W.3d at 712. While *TotalEnergies* may have been the first time the supreme court directly addressed the issue, this Court and others did so many years earlier. *See e.g. HomeAdvisor, Inc. v. Waddell*, No. 05-19-00669-CV, 2020 WL 2988565, at *5 (Tex. App.—Dallas June 4, 2020, no pet.) (mem. op.). We conclude the Accountants failed to preserve this issue for our review. *See Gray v. Ward*, No. 05-18-00266-CV, 2019 WL 3759466, at *3 (Tex. App.—Dallas Aug. 9, 2019, no pet.) (mem. op.).

We agree with the Accountants, however, that Mother failed to show the arbitration provision in the engagement letter agreement was unconscionable. A party may challenge an arbitration provision by either specifically challenging the validity of the arbitration clause or more broadly challenging the validity of the contract as a whole. *In re Labatt Food Serv., L.P.*, 279 S.W.3d 640, 647–48 (Tex. 2009). "A court may determine the first type of challenge, but a challenge to the validity of the contract as a whole, and not specifically to the arbitration clause, must go to the arbitrator." *Id*. at 648. Arbitration agreements may be either substantively or procedurally unconscionable, or both. *Royston, Rayzor, Vickery, & Williams, LLP v. Lopez*, 467 S.W.3d 494, 499 (Tex. 2015). Substantive unconscionability refers to the fairness of the arbitration provision itself. *Id*. Procedural unconscionability refers to the circumstances surrounding adoption of the arbitration provision. *Id*.

Mother relies on five provisions in the letter agreement as evidence of its substantive unconscionability. The first provision states "Payment of all accrued fees is a mandatory condition precedent to the filing of any action for recovery against our firm or any individual of our firm." This provision, by its terms, applies to "any action" regardless of whether it is litigated in a trial court or in an arbitral forum. Because it is not a specific challenge to the arbitration clause, it must be determined by the arbitrator. *Id*. Similarly, Mother's assertion that a limitation of liability provision renders the agreement unconscionable goes to the validity of the contract as a whole and must be determined by the arbitrator. *Id*.

The remaining three provisions are: (1) the parties agree not to demand a trial by jury in any action arising out of or relating to the Accountants' services and fees, (2) disputes will be determined by arbitration in Tarrant County, Texas in accordance with AAA rules, and (3) the costs of arbitration will be borne equally by both parties. Mother provides no real argument explaining why any of these provisions renders the arbitration clause unconscionable. An agreement to arbitrate is not *per se* unconscionable. *EZ Pawn Corp. v. Mancias*, 934 S.W.2d 87, 90 (Tex. 1996). As for splitting the cost of the arbitration, Mother did not submit evidence from which the trial court could conclude that arbitration would be cost prohibitive. A claim that the costs of arbitration are unconscionable requires evidence of how the cost of arbitration relates to the overall expense of litigation, and the party's ability to afford the latter but not the former. *Houston AN USA, LLC v. Shattenkirk*, 669

S.W.3d 392, 397 (Tex. 2023). In other words, the party seeking to avoid an arbitration provision must show the *increased* costs associated with arbitration, compared to litigation, foreclose them from pursuing their claims. *Id.* Mother did not do so here.

Mother contends the arbitration provision is procedurally unconscionable because the Lawyers did not explain its terms to her before recommending that she sign the agreement. Mother states she has no legal background and the Lawyers and Accountants are "exceptionally more experienced commercially" than she is. Unequal bargaining power does not establish grounds for defeating an agreement to arbitrate. *EZ Pawn*, 934 S.W.2d at 90. Nor does a lawyer's failure to explain an arbitration provision. *Royston*, 467 S.W.3d at 504–05. A party who has had an opportunity to read and sign a contract containing an arbitration provision is deemed to know and understand the contract's content and is bound by the agreement's terms on the same basis as other contracting parties. *Id.* Because Mother failed to show the arbitration provision in her agreement with the Accountants was unconscionable, we conclude the trial court erred in denying the Accountants' motion to compel arbitration pursuant to that agreement.

## III. Severance

In their petition for writ of mandamus, the Lawyers and Accountants (referred to as relators for purposes of the mandamus issues) contend the trial court erred in severing their claims from the divorce action. *See Beckham Grp., P.C. v. Snyder*,

–19–

315 S.W.3d 244, 245 (Tex. App.—Dallas 2010, no pet.) (mandamus is appropriate avenue by which to seek review of interlocutory severance order). A trial court has broad discretion in deciding whether to sever claims. TEX. R. CIV. P. 41; *Liberty Nat. Fire Ins. Co. v. Akin*, 927 S.W.2d 627, 629 (Tex. 1996). A trial court properly exercises its discretion in severing claims when (1) the controversy involves more than one cause of action, (2) the severed claim is one that could be asserted independently in a separate suit, and (3) the severed actions are not so interwoven with other claims that they involve the same facts and issues. *Akin*, 927 S.W.2d at 629.

Relators first argue that the issue of severance should be decided by the arbitrator in the divorce and SAPCR arbitration. Because we have already concluded the claims and counterclaims between relators and Mother are not subject to the Agreed Order for Arbitration, those claims will not be before the arbitrator in that proceeding.

With respect to the merits of the severance, we acknowledge that claims for attorney's fees arising out of a suit for divorce should generally be resolved in the divorce proceeding because "the allotment of attorney's fees is part of the general division of the community estate." *See Inman,* 722 S.W.2d at 18; *see also Mallou v. Payne & Vendig*, 750 S.W.2d 251, 257 (Tex. App.—Dallas 1988, writ denied). But the circumstances here are unique. The fact that the claims and counterclaims

between Mother and relators will not be determined in the divorce and SAPCR arbitration is already an effective severance of those claims from the divorce action.

In addition, the facts and issues that form the basis of the claims and counterclaims between Mother and relators are not so interwoven with the facts and issues underlying the divorce to make severance improper. Mother's alleged liability to relators will not be addressed in the divorce action, and her obligations to pay their fees would not be affected by how the division of assets and debts in the divorce is resolved. *See Wileman v. Wade*, 665 S.W.2d 519, 520 (Tex. App.—Dallas 1983, no writ) (division of community estate cannot interfere with rights of third-party creditors). And while Mother's counterclaims for malpractice may require some evidence of the reasonableness and necessity of relators' work and associated fees, her potential liability to relators, like any other creditors, is already established would constitute only a small part of the analysis of division of the community estate. *See In re T.E.H.*, No. 05-21-00938-CV, 2022 WL 17485037, *4–5 (Tex. App.—Dallas Dec. 7, 2022, no pet.).

Because relators' claims are not subject to arbitration along with the divorce and SAPCR, and the facts and issues in the divorce action are not substantially interwoven with the claims and counterclaims between Mother and relators, we conclude the trial court did not abuse its discretion in severing the claims and counterclaims between Mother and relators from the divorce action. *See Akin*, 927 S.W.2d at 629.

## IV. Abatement

Finally, the Lawyers contend the trial court erred in failing to abate all litigation between them and Mother pending the outcome of the arbitration between Mother and the Accountants. Because the trial court denied the Accountants' motion to compel arbitration, it did not address this issue. We express no view on whether abatement might be required under these new circumstances on remand. *See Vibra Rehab. Hosp. of El Paso, LLC v. Illarramendi*, No. 08-23-00137-CV, 2024 WL 2249928, at *8 (Tex. App.—El Paso May 17, 2024, no pet. h.).

## Conclusion

Based on the foregoing we reverse the trial court's order to the extent it denies the Accountants' motion to compel arbitration and remand the cause with instructions to order the claims between Mother and the Accountants be sent to arbitration. We affirm the order in all other respects. We deny the Lawyers' and Accountants' petition for writ of mandamus.

/Amanda L. Reichek/

AMANDA L. REICHEK

230454F.P05

JUSTICE

–22–



## Court of Appeals
## Fifth District of Texas at Dallas

# JUDGMENT

SHACKELFORD, BOWEN, MCKINLEY & NORTON, LLP, CARSON EPES STEINBAUER, WHITLEY PENN, LLP, AND ROBERT METZ, Appellants

No. 05-23-00454-CV        V.

IRINA PETERS AND NICK PETERS, Appellees

and

IN RE SCHACKLEFORD, BOWEN, MCKINLEY & NORTON, LLP, CARSON EPES STEINBAUER, WHITLEY PENN,LLP, AND ROBERT METZ, Relators

On Appeal from the 417th Judicial District Court, Collin County, Texas Trial Court Cause No. 417-50402-2019.
Opinion delivered by Justice Reichek. Justices Carlyle and Miskel participating.

In accordance with this Court's opinion of this date, the trial court's May 11, 2023 Order on Pending Motions is **AFFIRMED** in part and **REVERSED** in part. We **REVERSE** that portion of the trial court's order denying the motion to compel arbitration brought by WHITLEY PENN, LLP and ROBERT METZ. In all other respects, the trial court's order is **AFFIRMED**. We **REMAND** this cause to the trial court with instructions to compel arbitration of the claims and counterclaims between WHITLEY PENN, LLP, ROBERT METZ and IRINA PETERS

–23–

It is **ORDERED** that each party bear its own costs of this appeal.

Judgment entered June 28, 2024