

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-24-00299-CV

Monica **WILLIAMS**,
Appellant

v.

**JOHN DELOACH ENTERPRISES, INC.** and Ouachita Enterprises, Inc.,
Appellees

From the 224th Judicial District Court, Bexar County, Texas
Trial Court No. 2019CI06661
Honorable Marissa Flores, Judge Presiding

Opinion by: Lori Massey Brissette, Justice

Sitting: Liza A. Rodriguez, Justice
Lori I. Valenzuela, Justice
Lori Massey Brissette, Justice

Delivered and Filed: November 20, 2024

REVERSED AND REMANDED

Following a non-jury trial, the trial court signed a final judgment in favor of Appellees, John DeLoach Enterprises, Inc. ("DeLoach") and Ouachita Enterprises, Inc. ("Ouachita") (collectively, "Appellees"). On appeal, Appellant, Monica Williams, asserts the trial court erred by striking her request for a jury trial. We reverse the trial court's judgment and remand for a new trial before a jury.

## FACTUAL BACKGROUND

The following background facts are taken from Appellees' petition. Since 2013, Williams was the office manager and bookkeeper for both DeLoach and Ouachita. She was a salaried employee who was responsible for paying bills, issuing payroll, making deposits into bank accounts, and reconciling the books of both DeLoach and Ouachita. Williams was authorized to sign on bank accounts for both DeLoach and Ouachita, and to use both their debit cards and credit cards solely for business purposes.

## PROCEDURAL BACKGROUND

On April 4, 2019, Appellees sued Williams and two other individuals, Michelle Alvarado and Jill Schexnayder, alleging three causes of action: breach of fiduciary duty, conspiracy, and conversion. Under their breach of fiduciary duty claim, Appellees alleged as follows:

> [Williams] breached her fiduciary duty to [DeLoach and Ouachita] by intentionally misusing [DeLoach's and Ouachita's] funds and accounts for her personal use, including, but not limited to, writing unauthorized checks to [Alvarado], to [Schexnayder], and to herself; paying herself unauthorized bonuses, salary increases and overtime pay; and making unauthorized charges on [DeLoach's and Ouachita's] credit card and debit card accounts to pay for her personal expenses.

Under their conspiracy claim, Appellees alleged as follows:

> [Williams], in combination with [Alvarado], agreed to breach her fiduciary duty to [DeLoach] and acted with the intent to harm [DeLoach]. To accomplish the object of their agreement, [Williams] wrote one unauthorized check to [Alvarado], on a bank account owned by [DeLoach]. [Alvarado] accepted and cashed the check.
> . . . .
>
> [Williams], in combination with [Schexnayder], agreed to breach her fiduciary duty to [DeLoach]. [Williams] and [Schexnayder] acted with the intent to harm [DeLoach]. To accomplish the object of their agreement, [Williams] wrote two unauthorized checks to [Schexnayder], on a bank account owned by [DeLoach]. [Schexnayder] accepted and cashed the two checks.

Under their conversion claim, Appellees alleged as follows:

[DeLoach and Ouachita] owned personal property in the form of funds on deposit in bank accounts. [Williams] wrongfully acquired, and exercised dominion and control over [DeLoach's and Ouachita's] bank accounts. [Williams] acted without the consent of either [DeLoach or Ouachita] and converted funds owned by [DeLoach and Ouachita] by intentionally writing unauthorized checks to [Alvarado] and [Schexnayder], and to herself; paying herself unauthorized bonuses, salary increases and overtime pay; and making unauthorized charges on [DeLoach's and Ouachita's] credit card and debit card accounts to pay for her personal expenses.

Williams filed a pro se answer on May 17, 2019. Although the clerk's record does not contain a motion to continue a trial date, the record contains a copy of an Order on Motion for Continuance resetting the cause from December 13, 2023 to February 14, 2024.[1]

On February 9, 2024, Williams' attorney filed a notice of appearance and a jury demand. On February 14th, Williams announced not ready and asked for a jury trial. Appellees argued that the jury request should be denied because it was not timely filed. From the bench, the trial court granted the "not ready" and "reset [the case] to February 28th, 2024, on the non-jury docket." Williams' attorney said he was already set for another case on March 4, 2024, and asked if Appellees' counsel was amenable to another date. The trial court told counsel to "get back to [her] with a date, and you can even just – when you get me an order that reflects my ruling, just fill in the dates that you agreed to." A few days later, the trial court signed an order granting the "not ready" and re-setting the case on the non-jury docket for March 19, 2024. Attorneys for both sides signed the order "approved as to form only."

On March 19th, Williams again announced not ready and requested a jury trial. Williams argued that her February 14th jury request was now timely because it was filed thirty days before the March 19th setting. The trial court denied the "not ready," and the non-jury trial commenced the same day.

---

[1] At later hearings, Appellees' counsel informed the trial court that Williams had been granted a sixty-day continuance to find an attorney.

The bench trial took place over two days and involved five witnesses and almost thirty exhibits. Because Alvarado and Schexnayder did not appear, the trial court rendered a default judgment against them; however, no damages were assessed against them. The trial court ordered that DeLoach recover $59,804.35 from Williams, and Ouachita recover $42,081.77 from Williams. This appeal ensued.

On appeal, Williams does not challenge the merits of the judgment rendered against her. Instead, she asserts the trial court abused its discretion in striking a jury demand that was made and paid for more than thirty days prior to a continued trial date. She asks this court to reverse the judgment and remand for a new trial.

### APPLICABLE LAW & STANDARD OF REVIEW

A party is entitled to a jury trial if a written request is made within "a reasonable time before the date set for trial of the cause on the non-jury docket, but not less than thirty days in advance." TEX. R. CIV. P. 216(a). A jury demand filed in advance of the thirty-day deadline provided for in Rule 216 "is presumed to have been made a reasonable time before trial." *Halsell v. Dehoyos*, 810 S.W.2d 371, 371 (Tex. 1991) (per curiam). We review the trial court's denial of a jury demand for an abuse of discretion. *Mercedes-Benz Credit Corp. v. Rhyne*, 925 S.W.2d 664, 666 (Tex. 1996); *Murray v. Murray*, No. 04-21-00416-CV, 2023 WL 4095258, at *2 (Tex. App.—San Antonio June 21, 2023, no pet.) (mem. op.). A trial court abuses its discretion when its "decision is arbitrary, unreasonable, and without reference to guiding principles." *Mercedes-Benz*, 925 S.W.2d at 666.

## ANALYSIS

There is no dispute that Williams' February 9th jury demand—filed less than thirty days before the February 14th setting—was not timely. However, on appeal, Williams asserts that once the trial court reset the trial for March 19th, her February 9th jury demand became timely.[2]

The Texas Supreme Court has addressed the same issue presented in this appeal—whether the continuance of a trial setting affects the timeliness of a jury request. *Halsell v. Dehoyos*, 810 S.W.2d 371, 371 (Tex. 1991) (per curiam). In *Halsell*, the Dehoyos sued Halsell, and, on the Dehoyoses' motion, the trial court set the case on the non-jury docket for final trial on the merits on September 8, 1989. Halsell filed a jury request and paid the proper fee on August 15, 1989. *Id.* The trial court called the case on September 8th, and later signed an order striking Halsell's request for a jury trial because it was not timely filed. *Id.* However, in the same order, the court reset the case on the non-jury docket for final trial on the merits on October 13, 1989. *Id.* The Supreme Court held that when the trial court struck Halsell's jury request, "the request was timely as to the October 13, 1989, trial setting." *Id.* The Court also noted the record did not indicate that granting the jury trial would have injured the Dehoyoses or caused undue disruption to the trial court. *Id.* "Thus, the untimely jury demand became timely when the trial court reset the case for October 13[,] and the trial court erred in denying Halsell's request for a jury trial. *Id.* at 371-72.

---

[2] On appeal, Appellees contend Williams' attorney "reviewed and signed the [February 20th] Order, without objection and without requesting any changes[.]" Appellees provide no authoritative support for any argument that this provides a basis on which the trial court properly denied the jury request. When the notation "approved as to form" appears with an attorney's signature, the notation does not create the same consent to substance as the notation "approved as to form and substance" or "approved as to content." *Bion Const., Inc. v. Grande Valley Homes, LLC*, No. 04-09-00060-CV, 2009 WL 4669844, at *4 (Tex. App.—San Antonio Dec. 9, 2009, no pet.) (mem. op.). Therefore, Williams' attorney's signature over the notation "approved as to form only" did not indicate agreement with the substance of the order. *See In re Russell*, 321 S.W.3d 846, 858 (Tex. App.—Fort Worth 2010, orig. proc.) (counsel's signature on order memorializing associate judge's, under the heading, "APPROVED AS TO FORM ONLY," does not constitute an agreement that grandparents had standing); *In re J.A.P.*, 510 S.W.3d 722, 724 (Tex. App.—San Antonio 2016, no pet.) (approving as to form does not constitute consent to substance). Furthermore, no other language in the February 20th order indicates the substance of the order was agreed. *See J.A.P.*, 510 S.W.3d at 724.

We conclude Williams' February 9th jury request became timely once the case was reset to March 19th. *See id.* at 371 (untimely jury demand became timely when trial court reset case); *Gen. Motors Corp. v. Gayle*, 951 S.W.2d 469, 477 (Tex. 1997) (holding trial court abused its discretion in refusing to grant continuance to allow appellant's jury request and fee to become timely when trial judge timed trial proceedings to avoid Rule 216, appellant established that jury trial demand would not cause adverse party injury or delay, and trial court conceded case was not ready for trial due to outstanding discovery issues).

Because Williams' request for a jury trial was made thirty days in advance of the actual trial date, the request is presumed to have been made a reasonable time before trial. *Halsell*, 810 S.W.2d at 371. An adverse party may rebut the presumption by showing that granting a jury trial would (1) operate to injure the adverse party, (2) disrupt the court's docket, or (3) impede the ordinary handling of the court's business. *Id.* To make this showing, evidence in the record must establish at least one of these grounds. *See, e.g., Halsell*, 810 S.W.2d at 371; *In re J.N.F.*, 116 S.W.3d 426, 436 (Tex. App.—Houston [14th Dist.] 2003, no pet.).

At the February 14th hearing, Appellees opposed a jury trial on the ground that the request was not timely and asked for attorney's fees if the case was re-set. Appellees made no other argument in opposition to a jury trial. At the March 19th hearing, Appellees' only argument was that the jury request should be denied because there had been two prior continuances. Appellees conceded the first continuance was granted to allow Williams the time to retain an attorney. The second continuance referred to by Appellees was the agreed-to continuance of March 19th. On this record, we conclude Appellees did not rebut the presumption that Williams' request for a jury trial was made a reasonable time before trial. Therefore, the trial court erred by denying the request.

Having concluded the trial court's denial of Williams' request for a jury trial was an abuse of discretion, we next determine whether the court's error was harmful and requires reversal. *See Mercedes-Benz*, 925 S.W.2d at 667. The wrongful denial of a jury trial is harmful when the case contains material fact questions and an instructed verdict would not be justified. *Halsell*, 810 S.W.2d at 372 (refusal to grant jury trial is harmless error only if record shows no material issues of fact exist and an instructed verdict would have been justified); *Mercedes-Benz*, 925 S.W.2d at 667 (dispute between Rhyne and Mercedes was "replete with material fact questions"). The question is whether there are disputed fact issues in this case upon which a jury could pass. *See Nelson v. Nelson*, No. 01-13-00816-CV, 2015 WL 1122918, at *3 (Tex. App.—Houston [1st Dist.] Mar. 12, 2015, pet. denied) (mem. op.).

As stated above, Appellees brought three claims against three defendants: Williams, Alvarado, and Schexnayder. The underlying dispute was whether Williams was authorized to make certain expenditures. Appellees asserted Williams misappropriated corporate funds and misused corporate credit card and bank accounts for her personal expenses. Williams asserted she had permission or instructions for every one of her actions. At the February 14th hearing, Appellees explained to the court that although this was a 2019 case, there had been two years' worth of "COVID delays," and the case involved about 900 pages worth of documents, statements, and credit card receipts. The bench trial took place over two days, at which John DeLoach (the owner of both companies), the corporate representative for both companies (DeLoach's wife), and Williams testified. Although neither Alvarado nor Schexnayder appeared at trial, excerpts from their depositions were read into evidence. Forty-five exhibits were introduced.

We conclude the underlying dispute is replete with material issues of fact and much of the evidence required a credibility determination from a finder of fact. *See In re Fallis*, No. 04-08-

00781-CV, 2009 WL 262119, at *4 (Tex. App.—San Antonio Feb. 4, 2009, orig. proceeding) (per curiam) (mem. op.) (concluding trial court abused its discretion in failing to set the case on the jury docket because counterclaim presented seven different causes of action that were all fact sensitive and review of the record did not indicate there were no material issues of fact). Therefore, the trial court would not have been justified in rendering a directed verdict in light of the conflicting evidence presented by the parties. Accordingly, the denial of the jury trial was harmful error and requires reversal.

## CONCLUSION

Based on the foregoing reasons, we reverse the trial court's judgment and remand this case to the trial court for a new trial before a jury.

Lori Massey Brissette, Justice